IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| RON AND BETTY BLENDU, *et al.*,<br>Plaintiffs,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | ) | No. 01-718 L<br><br>Judge Emily C. Hewitt |

**JOINT STATUS REPORT**

Pursuant to the Court's Order of July 27, 2006 (Doc. 25), and the parties' joint motion for an extension of time (Doc. 26), the parties hereby file this Joint Status Report to propose a scheduled for further proceedings following the completion of title and liability-related discovery.

The Court's Order of July 27, 2006, re-opened discovery with respect to title and liability-related issues. That deadline to complete such discovery period was September 15, 2006, and the parties report that this discovery has been completed.

With respect to further proceedings, Defendant proposes to file a motion for summary judgment limited to the threshold question of title on or before December 1, 2006. Based on Defendant's initial review of the title documents produced by Plaintiffs, it is Defendant's position that the Railroad acquired fee title by deed to most of the property at issue in this case from the Plaintiffs' predecessors-in-title, meaning that many of the Plaintiffs do not have any ownership interest in the lands allegedly taken from them. Defendant's analysis of the deeds at issue in this case is based in part of the recent interpretation of similar deeds in Hash v. United States, No. CV-99-324-S-MHW, Memorandum Decision (D. Idaho August 18, 2006), which

involves the same railroad corridor at issue in this case.

The December 1 filing deadline proposed herein is intended to allow the parties an opportunity to discuss a title stipulation related to the deed interpretation issues. Plaintiffs are willing to consider such a stipulation, but note that the Hash decision remains subject to appeal and that any stipulation by the parties on title issues in this case must be subject to an appeal of the same issues in Hash.

In addition, two of the Plaintiffs trace their title back to patents issued by the United States under the Homestead Act after a right-of-way was established through those lands under an 1875 federal railroad land grant statute. The question of liability for these claims turns on whether the present use of the right-of-way is an allowable use of the easement created under the 1875 Act has been fully briefed in Hash v. United States, No. CV-99-324-S-MHW (D. Idaho). Oral argument on this issue is scheduled for September 26, 2006. The parties propose to defer briefing on the 1875 Act issues pending the District Court's ruling in Hash. Alternatively, the parties are willing to submit the complete set of briefs filed in the Hash case on the 1875 Act issues for independent consideration by the Court in this case.[1]

Finally, there are several named Plaintiffs who did not produce any documents in the course of discovery and intend to dismiss their claims. The parties propose to file a Stipulation of Dismissal under RCFC 41(a)(1) for these Plaintiffs by October 4, 2006.

---

[1]Defendant's counsel of record here is also counsel of record in Hash. In addition, Plaintiffs' counsel of record here is of counsel in Hash.

Dated: September 20, 2006

Respectfully submitted,

SUE ELLEN WOOLDRIDGE
Assistant Attorney General
Environment & Natural Resources Division

s/ Lary C. Walker
LARY C. WALKER
WALKER LAW OFFICE
232 East Main
Post Office Box 828
Weiser, ID 83672
TEL: (208) 414-0390
FAX: (208) 414-0404
E-MAIL: walker_law@justice.com

Attorney for Plaintiffs

s/ Kristine S. Tardiff
KRISTINE S. TARDIFF
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
53 Pleasant Street, 4th Floor
Concord, NH 03301
TEL: (603) 230-2583/FAX: (603) 225-1577
E-MAIL: kristine.tardiff@usdoj.gov

Attorney for Defendant