IN THE UNITED STATES COURT OF FEDERAL CLAIMS

RON AND BETTY BLENDU, *et al.*,

Plaintiffs,

v.

UNITED STATES OF AMERICA,

Defendant.

No. 01-718 L

Judge Emily C. Hewitt

**STIPULATIONS REGARDING TITLE MATTERS**

The parties hereby stipulate to the following title-related matters for the properties at issue in this litigation. These stipulations are expressly based on facts and information available and known to the parties at this time, and are subject to modification or revocation by either party should additional factual information come to light that affects the accuracy of these stipulations.

In addition, these stipulations are based in part on the decisions in the related case of Hash v. United States, No. CV-99-324-S-MHW (D. Idaho), which involves the same railroad right-of-way that is at issue in this case. In Hash, the parties categorized the original conveyances to the railroad into deed categories and then briefed the question of whether the subject deeds conveyed an easement or fee simple title to the railroad. In a memorandum decision of November 21, 2001, the district court held that the deeds for deed categories 4 through 9 conveyed fee simple title to the railroad. See Hash v. United States, No. CV-99-324-S-MHW, Mem. Decision at 11-18 (D. Idaho Nov. 21, 2001) (Exhibit 1). The Hash plaintiffs subsequently appealed the district court's interpretation of the deeds for categories 5, 6 and 8, but did not appeal the district court's interpretation of categories 4, 7 and 9.

On appeal, the Federal Circuit vacated the district court's ruling as to categories 5, 6 and 8, and remanded for redetermination in light of an intervening decision from the Idaho Supreme Court. Hash v. United States, 403 F.3d 1308, 1319-21, 1323 (Fed. Cir. 2005). On remand, the district court interpreted the deeds in deed categories 5, 6 and 8 and held that, under Idaho law, those deeds conveyed fee simple title to the railroad. Hash v. United States, No. CV-99-324-S-MHW, Mem. Decision at 6-17 (D. Idaho Aug. 18, 2006) (Exhibit 2).

The parties agree that if the Hash court's interpretation of the deeds at issue in its memorandum decision of August 18, 2006 (Exhibit 2) is challenged and reversed on appeal while this case is still pending, then either party may seek to be relieved of the stipulations herein on the ground that there has been an intervening change in applicable Idaho law. See Illig v. United States, 67 Fed. Cl. 47, 55-56 (2005) (finding that an intervening change in the law provides a basis for the court to set aside the prior stipulations of the parties).

Stipulations Applicable to All Plaintiffs (Background Facts)

1. The railroad right-of-way at issue in this case ("the subject right-of-way") is located between Weiser and New Meadows, Idaho. This right-of-way is approximately 83 miles in length and generally follows the path of the Weiser River.

2. Between 1899 and 1900, the Pacific and Idaho Northern Railway (the "Railroad") commenced construction of its railroad line on the subject right-of-way. Construction of the Railroad's line reached Cambridge in December 1900, Council in March of 1901, and Meadow Valley or "New Meadows" in 1911.

3. The Railroad acquired its interest in certain portions or segments of the right-of-

way on which its line was constructed by deed. The interpretation of these deeds is governed by Idaho state law.

4. On March 17, 1995, citing the closure of a Boise Cascade sawmill in Council and an anticipated loss of 75% of the rail traffic on the Weiser to New Meadows line, the Railroad filed a petition with the Surface Transportation Board ("STB") seeking an exemption under 49 U.S.C. § 10505 from the prior approval requirements of 49 U.S.C. § 10903-04 to abandon the 83-mile line.

5. By a decision served on November 1, 1995, the STB granted the Railroad's petition, subject to several conditions.

6. Several groups filed requests for the issuance of a Notice of Interim Trail Use ("NITU"), along with "Statements of Willingness to Assume Financial Responsibility" for the right-of-way, and the Railroad indicated it was willing to negotiate a railbanking and interim trail use agreement pursuant to the National Trails System Act, 16 U.S.C. § 1247(d).

7. On December 28, 1995, the STB issued a NITU that reopened the exemption proceedings and modified its decision of November 1, 1995, to allow the parties 180 days to negotiate a railbanking and interim trail use agreement. The NITU also authorized the Railroad to discontinue service on the line and to "salvage track and track materials consistent with interim trail use/rail banking."

8. The Railroad reached a Trails Act agreement with the Friends of the Weiser River Trail ("FWRT"), and quitclaimed its interest in the subject right-of-way to FWRT on June 17, 1997. Subject to the Trails Act and the conditions set forth in the NITU, the right of way presently is owned and operated by FWRT and is known

as the "Weiser River Trail."

9. The alleged date of taking in this case is December 28, 1995, which is the date on which the STB issued its decision and NITU. See Caldwell v. United States, 391 F.3d 1226 (Fed. Cir. 2004), cert. denied, 126 S. Ct. 366 (2005); Barclay v. United States, 443 F.3d 1368 (Fed. Cir. 2006).

Stipulations Applicable to Plaintiffs Ron and Betty Blendu

10. On December 28, 1995, Plaintiffs Ron and Betty Blendu were the owners of certain real property located in Washington County, Idaho. Portions of this property abut or are traversed by the subject right-of-way. The Blendus' predecessors-in-title include: (1) Francis M. and Pauline Potter, (2) Andrew M. and Ona Reed, and (3) John P. and Eva Hallstrom.

11. On July 22, 1899, Francis M. and Pauline Potter conveyed a strip of land in Washington County, Idaho to the Pacific and Idaho Northern Railway Company by a warranty deed (the "Potter deed"). The Potter deed, which is attached hereto as Exhibit 3, was recorded in Washington County, Idaho at Book 10, Page 91.

12. The Potter deed is comparable to the warranty deeds in Hash deed categories 4, 7 and 9, which were held by the district court to convey fee simple title to the Railroad. 2001 Mem. Decision at 11, 15 (Ex. 1). Under Idaho law, as interpreted and applied in Hash, the Potter deed conveyed fee simple title to the strip of land described therein to the Railroad.

13. On September 6, 1899, Andrew M. and Ona Reed conveyed a strip of land in Washington County, Idaho to the Pacific and Idaho Northern Railway Company

by a warranty deed (the "Reed deed"). The Reed deed, which is attached hereto as Exhibit 4, was recorded in Washington County, Idaho at Book 10, Page 161.

14. The Reed deed is comparable to the deeds in Hash deed category 6, which were held by the district court to convey fee simple title to the Railroad. 2006 Mem. Decision at 14-15 (Ex. 2). Under Idaho law, as interpreted and applied in Hash, the Reed deed conveyed fee simple title to the strip of land described therein to the Railroad.

15. On August 23, 1899, John P. And Eva Hallstrom conveyed a strip of land in Washington County, Idaho to the Pacific and Idaho Northern Railway Company by a warranty deed (the "Hallstrom deed"). The Hallstrom deed, which is attached hereto as Exhibit 5, was recorded in Washington County, Idaho at Book 10, Page 145.

16. The Hallstrom deed is comparable to the deeds in Hash deed category 6, which were held by the district court to convey fee simple title to the Railroad. 2006 Mem. Decision at 14-15 (Ex. 2). Under Idaho law, as interpreted and applied in Hash, the Hallstrom deed conveyed fee simple title to the strip of land described therein to the Railroad.

17. In addition to the lands described in paragraphs 11 – 16, the Railroad acquired its interest in two segments of the portion of the right-of-way that traverses the land owned by the Blendus under the General Railroad Right-of-Way Act of March 3, 1875, ch. 152, 18 Stat. 482 (codified as 43 U.S.C. §§ 934-939 (1982)) (the "1875 Act"). The segments acquired under the 1875 Act traverse the SW1/4 SW1/4 of

Section 33 in T14N R3W and the NE1/4 NE1/4 of Section 5 in T13N R3W. The parties have submitted a Joint Motion for Partial Summary Judgment on the Question of Liability With Respect to the 1875 Act Lands (Doc. 30, filed December 1, 2006), and agree that this joint motion applies to the two 1875 Act segments that traverse the Blendu's land.

18. In addition to the lands described in paragraphs 11 – 17, the Railroad acquired its interest in a segment of the subject right-of-way that traverse the land owned by the Blendus in the N1/2 NW1/4 of Section 8 in T13N R3W by adverse possession. The parties are not stipulating at this time to the nature of the interest that the Railroad acquired by adverse possession under Idaho law.

Stipulations Applicable to Plaintiffs Dean and Velda Fairchild

19. On December 28, 1995, Plaintiffs Dean and Velda Fairchild were the owners of certain real property located in Washington County, Idaho. This property abuts or is traversed by the subject right-of-way. The Fairchilds' predecessors-in-title include: (1) William H. Male, (2) Marvin and Jane Kilborn, (3) Norman Girling, and (4) Adeline Day.

20. On May 2, 1900, William H. Male conveyed a strip of land in Washington County, Idaho to the Pacific and Idaho Northern Railway Company by a warranty deed (the "Male deed"). The Male deed, which is attached hereto as Exhibit 6, was recorded in Washington County, Idaho at Book 9, Page 445.

21. The Male deed was one of the representative deeds for Hash deed category 9. The district court held that the category 9 deeds, including the Male deed, conveyed

fee simple title to the Railroad. 2001 Mem. Decision at 15 (Ex. 1). Under Idaho law, as interpreted and applied in the Hash decision, the Male deed conveyed fee simple title to the strip of land described therein to the Railroad.

22. On August 29, 1899, Marvin Kilborn and Jane Kilborn conveyed a strip of land in Washington County, Idaho to the Pacific and Idaho Northern Railway Company by a warranty deed (the "Kilborn deed"). The Kilborn deed, which is attached hereto as Exhibit 7, was recorded in Washington County, Idaho at Book 10, Page 149.

23. The Kilborn deed is comparable to the warranty deeds in Hash deed categories 4, 7 and 9, which were held by the district court to convey fee simple title to the Railroad. 2001 Mem. Decision at 11, 15 (Ex. 1). Under Idaho law, as interpreted and applied in the Hash decision, the Kilborn deed conveyed fee simple title to the strip of land described therein to the Railroad.

24. On August 29, 1899, Norman Girling conveyed a strip of land in Washington County, Idaho to the Pacific and Idaho Northern Railway Company by a warranty deed (the "Girling deed"). The Girling deed, which is attached hereto as Exhibit 8, was recorded in Washington County, Idaho at Book 10, Page 144.

25. The Girling deed is comparable to the deeds in Hash deed category 6, which were held by the district court to convey fee simple title to the Railroad. 2006 Mem. Decision at 14-15 (Ex. 2). Under Idaho law, as interpreted and applied in the Hash decision, the Girling deed conveyed fee simple title to the strip of land described therein to the Railroad.

26. On July 18, 1899, Adeline Day conveyed a strip of land in Washington County, Idaho to the Pacific and Idaho Northern Railway Company by a quitclaim deed (the "Day deed"). The Day deed, which is attached hereto as Exhibit 9, was recorded in Washington County, Idaho at Book 10, Page 74.

27. The Day deed is comparable to the deeds in Hash deed category 6, which were held by the district court to convey fee simple title to the Railroad. 2006 Mem. Decision at 14-15 (Ex. 2). Under Idaho law, as interpreted and applied in the Hash decision, the Day deed conveyed fee simple title to the strip of land described therein to the Railroad.

Stipulations Applicable to Plaintiffs Milton and Lola Kerner

28. On December 28, 1995, Plaintiffs Milton and Lola Kerner were the owners of certain real property located in Washington County, Idaho. This property abuts or is traversed by the subject right-of-way. The Kerners' predecessors-in-title include Sarah J. Jeffreys.

29. On July 1, 1899, Sarah J. Jeffreys conveyed a strip of land in Washington County, Idaho to the Pacific and Idaho Northern Railway Company by a warranty deed (the "Jeffreys deed"). The Jeffreys deed, which is attached hereto as Exhibit 10, was recorded in Washington County, Idaho at Book 10, Page 49.

30. The Jeffreys deed is comparable to the warranty deeds in Hash deed categories 4, 7 and 9, which were held by the district court to convey fee simple title to the Railroad. 2001 Mem. Decision at 11, 15 (Ex. 1). Under Idaho law, as interpreted and applied in the Hash decision, the Jeffreys deed conveyed fee simple title to the

strip of land described therein to the Railroad.

Stipulations Applicable to Bruce and Julie Kerner

31. Bruce and Julie Kerner own certain property in Washington County, Idaho that abuts land owned by Plaintiffs Milton and Lola Kerner. However, the property owned by Bruce and Julie Kerner does not abut and is not traversed by the subject right-of-way. Accordingly, the parties stipulate that Plaintiffs Bruce and Julie Kerner do not have standing to assert a taking of any ownership interest in the subject right-of-way.

Stipulations Applicable to Plaintiffs Steven R. and Elsie B. Shumway

32. On December 28, 1995, Plaintiffs Steven R. and Elsie B. Shumway were the owners of certain real property located in Adams County, Idaho. This property abuts or is traversed by the subject right-of-way. The Shumway's predecessors-in-title include William M and Martha L. Glenn and William Hartley.

33. On August 16, 1905, William M. and Martha L. Glenn conveyed a strip of land in Washington County, Idaho to the Pacific and Idaho Northern Railway Company by a quitclaim deed (the "Glenn deed"). The Glenn deed, which is attached hereto as Exhibit 11, was recorded in Washington County, Idaho at Book __, Page __.

34. The Glenn deed is comparable to the deeds in Hash deed category 6, which were held by the district court to convey fee simple title to the Railroad. 2006 Mem. Decision at 14-15 (Ex. 2). Under Idaho law, as interpreted and applied in the Hash decision, the Glenn deed conveyed fee simple title to the strip of land described therein to the Railroad.

35. On August 16, 1905, William Hartley conveyed a strip of land in Washington

County, Idaho to the Pacific and Idaho Northern Railway Company by a quitclaim deed (the "Hartley deed"). The Hartley deed, which is attached hereto as Exhibit 12, was recorded in Washington County, Idaho at Book D, Page 178.

36. The Hartley deed is comparable to the deeds in Hash deed category 6, which were held by the district court to convey fee simple title to the Railroad. 2006 Mem. Decision at 14-15 (Ex. 2). Under Idaho law, as interpreted and applied in the Hash decision, the Hartley deed conveyed fee simple title to the strip of land described therein to the Railroad.

Stipulations Applicable to Plaintiff Twila Harrison

37. The parties have not yet reached any title stipulations with respect to the claim of Plaintiff Twila Harrison. However, the parties are gathering and reviewing some additional title-related documents and expect to be able to reach and file a separate title stipulation covering the claim of Ms. Harrison on or before February 5, 2007, which is the current deadline for Defendant to file a dispositive motion on any unresolved title matters.

Dated: January 22, 2007

Respectfully submitted,

MATTHEW J. MCKEOWN
Acting Assistant Attorney General
Environment & Natural Resources Division

s/ Lary C. Walker
LARY C. WALKER
WALKER LAW OFFICE
232 East Main
Post Office Box 828
Weiser, ID 83672
TEL: (208) 414-0390
FAX: (208) 414-0404
E-MAIL: walker_law@justice.com

Attorney for Plaintiffs

s/ Kristine S. Tardiff
KRISTINE S. TARDIFF
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
53 Pleasant Street, 4th Floor
Concord, NH 03301
TEL: (603) 230-2583
FAX: (603) 225-1577
E-MAIL: kristine.tardiff@usdoj.gov

Attorney for Defendant

**Appendix of Joint Exhibits to Stipulations Regarding Title Matters and Liability**

| Exhibit No. | Description |
|---|---|
| 1 | Hash v. United States, No. CV-99-324-S-MHW, Mem. Decision (D. Idaho Nov. 21, 2001) |
| 2 | Hash v. United States, No. CV-99-324-S-MHW, Mem. Decision (D. Idaho Aug. 18, 2006) |
| 3 | Potter Deed |
| 4 | Reed Deed |
| 5 | Hallstrom Deed |
| 6 | Male Deed |
| 7 | Kilborn Deed |
| 8 | Girling Deed |
| 9 | Day Deed |
| 10 | Jeffreys Deed |
| 11 | Glenn Deed |
| 12 | Hartley Deed |