IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| RON AND BETTY BLENDU, *et al.*,<br>Plaintiffs,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | No. 01-718 L<br>Judge Emily C. Hewitt |

**JOINT STATUS REPORT**

Pursuant to the Court's Order of December 21, 2006 (Doc. 34), the parties have filed two sets of title-related stipulations: (1) Stipulations Regarding Title Matters, filed January 22, 2007 (Doc. 35), and (2) Second Set of Stipulations Regarding Title Matters, filed February 5, 2007 (Doc. 37). These stipulations address the title questions in this case for all of the segments of the subject right-of-way that the Railroad acquired its interest in by deed. The parties have stipulated, subject to the qualifications set forth in their stipulations, that the Railroad acquired a fee simple interest in the subject right-of-way pursuant to the deeds in question.

The only remaining title issue that is not resolved by the foregoing stipulations involves a segment of the subject right-of-way that abuts or traverses lands owned by Plaintiffs Ron and Betty Blendu and that the Railroad acquired by adverse possession. Because the parties were not previously aware that any segment of the subject right-of-way at issue in this case had been claimed by the Railroad under adverse possession, neither party conducted any factual discovery regarding adverse possession during the prior discovery period in this case.

The parties have discussed how best to proceed with this issue and propose the following.

The question of whether the Railroad acquired fee title to certain segments of the subject right-of-way by adverse possession, or whether the Railroad acquired only a prescriptive easement in those segments, is a question that is also presented in the related case of Hash v. United States, No. CV99-324S-MHW (D. Idaho). In Hash, the parties are in the process of conducting factual discovery regarding adverse possession, after which they expect to be briefing the question of whether the Railroad acquired fee title by adverse possession or only a prescriptive easement under Idaho state law. In order to conserve the resources of the parties and the Court on this issue, the parties herein propose to allow this adverse possession issue to move forward in Hash and to stay any briefing on the adverse possession issue in this case pending a decision from the district court in Hash. In the meantime, the parties agree to conduct any necessary factual discovery relative to the Blendu property that is necessary to promptly address the title question involving adverse possession in this case following a ruling in Hash, either by stipulation or by briefing.

With respect to further proceedings on liability, Defendant is prepared to file a motion for partial summary judgment covering those claims that are the subject of the parties' title-related stipulations. Defendant proposes to file this motion on or before March 9, 2007, with responses and replies due in accordance with RCFC 7.2(c).

//

//

//

//

//

Dated: February 5, 2007

Respectfully submitted,

s/ Lary C. Walker
LARY C. WALKER
WALKER LAW OFFICE
232 East Main
Post Office Box 828
Weiser, ID 83672
TEL: (208) 414-0390
FAX: (208) 414-0404
E-MAIL: walker_law@justice.com

Attorney for Plaintiffs

MATTHEW J. MCKEOWN
Acting Assistant Attorney General
Environment & Natural Resources Division

s/ Kristine S. Tardiff
KRISTINE S. TARDIFF
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
53 Pleasant Street, 4th Floor
Concord, NH 03301
TEL: (603) 230-2583
FAX: (603) 225-1577
E-MAIL: kristine.tardiff@usdoj.gov

Attorney for Defendant