IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| RON AND BETTY BLENDU, *et al.*, Plaintiffs, | ) | No. 01-718 L |
| v. | ) | Judge Emily C. Hewitt |
| UNITED STATES OF AMERICA, Defendant. | ) | |

**DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendant United States hereby moves for summary judgment as to the claims of Plaintiffs Dean and Velda Fairchild, Milton and Lola Kerner, Bruce and Julie Kerner, Steven and Elsie Shumway, and Twila Harrison, and as to a portion of the claim of Plaintiffs Ron and Betty Blendu. As summarized below and explained in the supporting memorandum filed herewith, Defendant is entitled to summary judgment with respect to these claims because Plaintiffs have no ownership interest in the portions of the subject right-of-way allegedly taken from them, and thus have no standing to pursue takings claims in this case.

In order to maintain a Fifth Amendment takings claim, a plaintiff must first prove that he or she had an ownership interest the subject property on the date of the alleged taking. In the context of a Fifth Amendment takings claim arising out of the National Trails System Act, 16 U.S.C. 1247(d) ("Trails Act"), this means that the plaintiff must establish an ownership interest in the subject right-of-way. This threshold title issue is often dispositive because it is well established that if the railroad company acquired fee simple title to the lands that make up its right-of-way, then the owners of the land abutting or traversed by the right-of-way have no ownership interest in the right-of-way and therefore cannot maintain a takings claim.

Accordingly, the question of whether plaintiffs have an ownership interest in the subject right-of-way depends in whole or in part on the nature of the interest originally acquired by the railroad company in the lands that comprise that right-of-way.

In this case, Plaintiffs allege that they are the owners of land in Adams County and Washington County, Idaho, that abuts or is traversed by a railroad right-of-way that has been railbanked and is presently being used for interim trail use pursuant to the Trails Act. Complaint, ¶¶ 3-5. Plaintiffs further allege that they have an ownership interest in the subject right-of-way, and that this interest was taken from them by operation of the Trails Act. Id. ¶¶ 16-17.

To resolve the threshold question of whether Plaintiffs actually have an ownership interest in the subject right-of-way, the parties examined the original deeds to the Railroad and entered into a set of title stipulations regarding the nature of the interest acquired by the Railroad in the right-of-way. The parties have stipulated that, by the deeds in question, the Railroad acquired fee simple title to the segments of the right-of-way that traverse the lands of Ron and Betty Blendu, Dean and Velda Fairchild, Milton and Lola Kerner, Steven and Elsie Shumway, and Twila Harrison.[1] See Stipulations Regarding Title Matters (filed January 22, 2007) (Doc. 35), and in their Second Set of Stipulations Regarding Title Matters (filed February 5, 2007) (Doc. 37) (collectively referred to herein as the "Title Stipulations"). Because the Railroad acquired fee simple title to the segments of the right-of-way that traverse Plaintiffs' property,

[1]With respect to the claims of Ron and Betty Blendu, Defendant notes that the stipulations summarized herein and in Defendant's supporting memorandum are those stipulations that apply to the segments of the right-of-way abutting or traversing the Blendu property that the Railroad acquired by deed. The Railroad acquired additional segments across land owned by the Blendus under the General Right-of-Way Act of March 3, 1875, ch. 152, 18 Stat. 482, or by adverse possession. See Title Stipulations ¶¶ 17-18. These additional segments are not at issue in this motion.

Plaintiffs have no ownership interest in the right-of-way and thus no standing to bring claims alleging that any such interest was taken from them by operation of the Trails Act. In addition, the parties have stipulated that the property owned by Plaintiffs Bruce and Julie Kerner does not abut and is not traversed by the subject right-of-way. Id. Accordingly, Plaintiffs Bruce and Julie Kerner also have no ownership interest in the right-of-way and no standing to pursue takings claims in this case.

For the reasons set forth above, Defendant respectfully requests that the Court grant its motion for summary judgment with respect to the claims of the following Plaintiffs: Dean and Velda Fairchild, Milton and Lola Kerner, Bruce and Julie Kerner, Steven and Elsie Shumway, and Twila Harrison. Defendant further requests that the Court grant its motion for summary judgment with respect to the portion of the claim of Ron and Betty Blendu that involves that segment of the subject right-of-way abutting or traversing their property that the Railroad acquired by deed.

Dated: March 9, 2007

Respectfully submitted,

MATTHEW J. McKEOWN
Acting Assistant Attorney General
Environment & Natural Resources Division

s/ Kristine S. Tardiff

KRISTINE S. TARDIFF
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
53 Pleasant Street, 4th Floor
Concord, NH 03301
TEL: (603) 230-2583
FAX: (603) 225-1577
E-MAIL: kristine.tardiff@usdoj.gov

Attorney for Defendant