IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| RON AND BETTY BLENDU, *et al.*, Plaintiffs, | ) | No. 01-718 L |
| v. | ) | Judge Emily C. Hewitt |
| UNITED STATES OF AMERICA, Defendant. | ) | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendant United States submits this memorandum in support of its motion for partial summary judgment as to the claims of Plaintiffs Dean and Velda Fairchild, Milton and Lola Kerner, Bruce and Julie Kerner, Steven and Elsie Shumway, and Twila Harrison, and as to a portion of the claim of Plaintiffs Ron and Betty Blendu. As explained below, Defendant is entitled to summary judgment with respect to these claims because Plaintiffs have no ownership interest in the portions of the subject right-of-way allegedly taken from them, and thus have no standing to pursue takings claims in this case.

I. Summary of the Issue Presented and Prior Proceedings

This case involves an 83-mile railroad right-of-way that generally follows the course of the Weiser River between Weiser and New Meadows, Idaho. Stipulations Regarding Title Matters, ¶¶ 1-2 (Doc. 35). Plaintiffs allege that they are the owners of land in Adams County and Washington County, Idaho, that abuts or is traversed by this right-of-way. Complaint, ¶¶ 3-5. Plaintiffs further allege that they have an ownership interest in the subject right-of-way, and that this interest was taken from them by operation of the National Trails System Act, 16 U.S.C.

1247(d) ("Trails Act"), pursuant to which the right-of-way has been railbanked and is being used for interim trail use. Id. ¶¶ 16-17.

The question of whether Plaintiffs have an ownership interest in the subject right-of-way turns in part on the nature of the interest originally acquired by the Railroad in the lands that comprise that right-of-way. In this case, the Railroad acquired its interest in certain segments of the right-of-way by deed. As part of the proceedings in the related case of Hash v. United States, No. CV-99-324-S-MHW (D. Idaho), the parties collected all of these deeds, grouped them into categories based on similar language, and then briefed the question of whether the deeds conveyed an easement or fee simple title to the Railroad.[1] In a memorandum decision of November 21, 2001, the district court held that the deeds for deed categories 4 through 9 conveyed fee simple title to the railroad. See Hash v. United States, No. CV-99-324-S-MHW, Mem. Decision at 11-18 (D. Idaho Nov. 21, 2001). The Hash plaintiffs subsequently appealed the district court's interpretation of the deeds for categories 5, 6 and 8, but did not appeal the district court's interpretation of categories 4, 7 and 9. On appeal, the Federal Circuit vacated the district court's ruling as to categories 5, 6 and 8, and remanded for redetermination in light of an intervening decision from the Idaho Supreme Court. Hash v. United States, 403 F.3d 1308, 1319-21, 1323 (Fed. Cir. 2005). On remand, the district court interpreted the deeds in deed categories 5, 6 and 8 and held that, under Idaho law, those deeds conveyed fee simple title to the railroad. Hash v. United States, No. CV-99-324-S-MHW, Mem. Decision at 6-17 (D. Idaho

[1]Hash is an opt-out class action in which the class representatives, for themselves and on behalf of a class of all person with an ownership interest in the same 83-mile right-of-way at issue in this case, allege a taking of those interests by operation of the Trails Act. The Plaintiffs in this case are persons who opted-out of the Hash class action and elected to file their claims in this Court.

Aug. 18, 2006).[2]

Based on the decisions in the Hash case, the parties in this case reached a set of title stipulations regarding the interest acquired by the Railroad pursuant to the deeds that are relevant to Plaintiffs' claims.[3] These stipulations are set forth in the parties' Stipulations Regarding Title Matters (filed January 22, 2007) (Doc. 35), and in their Second Set of Stipulations Regarding Title Matters (filed February 5, 2007) (Doc. 37) (collectively referred to herein as the "Title Stipulations"). The Title Stipulations relevant to this motion are summarized below.

## II. Summary of the Parties' Title Stipulations

### A. Title Stipulations Applicable to Plaintiffs Ron and Betty Blendu[4]

On December 28, 1995, Plaintiffs Ron and Betty Blendu were the owners of certain real property located in Washington County, Idaho, portions of which abut or are traversed by the subject right-of-way.[5] The Blendus' predecessors-in-title include: (1) Francis M. and Pauline Potter, (2) Andrew M. and Ona Reed, and (3) John P. and Eva Hallstrom. Title Stipulations ¶ 10.

---

[2]The district court's memorandum decisions were filed with the Court on January 23, 2007, as exhibits 1 and 2 to the parties' Stipulations Regarding Title Matters (Doc. 35).

[3]The parties' title stipulations state that "[t]he parties agree that if the Hash court's interpretation of the deeds at issue in its memorandum decision of August 18, 2006 (Exhibit 2) is challenged and reversed on appeal while this case is still pending, then either party may seek to be relieved of the stipulations herein on the ground that there has been an intervening change in applicable Idaho law." Stipulations Regarding Title Matters, p. 2 (Doc. 35).

[4]The Title Stipulations summarized herein with respect to the Blendu claim are those stipulations that apply to the segments of the right-of-way abutting or traversing the Blendu property that the Railroad acquired by deed. The segments that the Railroad acquired under the General Right-of-Way Act of March 3, 1875, ch. 152, 18 Stat. 482, or by adverse possession, are not at issue in this motion. See Title Stipulations ¶¶ 17-18.

[5]December 28, 1995, is the alleged date of taking in this case. See Title Stipulations ¶¶ 7-9.

In 1899, the Potters, the Reeds and the Hallstroms conveyed strips of land to the Railroad by warranty deeds. Id. ¶¶ 11-15. The Potter deed is comparable to the warranty deeds in Hash deed categories 4, 7 and 9, which were held by the district court to convey fee simple title to the Railroad. Id. ¶12. Under Idaho law, as interpreted and applied in Hash, the Potter deed conveyed fee simple title to the strip of land described therein to the Railroad. Id. The Reed and Hallstrom deeds are comparable to the deeds in Hash category 6, which were held by the district court to convey fee simple title to the Railroad. Id. ¶¶ 13-16. Under Idaho law, as interpreted and applied in Hash, the Reed and Hallstrom deeds conveyed fee simple title to the strips of land described therein to the Railroad. Id.

B. Title Stipulations Applicable to Plaintiffs Dean and Velda Fairchild

On December 28, 1995, Plaintiffs Dean and Velda Fairchild were the owners of certain real property located in Washington County, Idaho, that abuts or is traversed by the subject right-of-way. The Fairchilds' predecessors-in-title include: (1) William H. Male, (2) Marvin and Jane Kilborn, (3) Norman Girling, and (4) Adeline Day. Title Stipulations ¶ 19.

In 1899, the Kilborns and Girling conveyed strips of land to the Railroad by warranty deeds, and Day conveyed a strip of land to the Railroad by a quitclaim deed. Id. ¶¶ 22-27. The Kilborn deed is comparable to the warranty deeds in Hash deed categories 4, 7 and 9, which were held by the district court to convey fee simple title to the Railroad. Id. ¶ 23. Under Idaho law, as interpreted and applied in the Hash decision, the Kilborn deed conveyed fee simple title to the strip of land described therein to the Railroad. Id. ¶¶ 22-23. The Girling and the Day deeds are both comparable to the deeds in Hash category 6, which were held by the district court to convey fee simple title to the Railroad. Id. ¶ 25 and ¶ 27. Under Idaho law, as interpreted and applied in

the Hash decision, both the Girling and the Day deeds conveyed fee simple title to the strips of land described therein to the Railroad. Id. ¶¶ 24-27.

In 1900, Male conveyed a strip of land to the Railroad by a warranty deed. Id. ¶ 20. The Male deed was one of the representative deeds for Hash deed category 9. Id. ¶ 21. The district court held that the category 9 deeds, including the Male deed, conveyed fee simple title to the Railroad. Id. Under Idaho law, as interpreted and applied in the Hash decision, the Male deed conveyed fee simple title to the strip of land described therein to the Railroad. Id. ¶ 21.

C. Title Stipulations Applicable to Plaintiffs Milton and Lola Kerner

On December 28, 1995, Plaintiffs Milton and Lola Kerner were the owners of certain real property that is located in Washington County, Idaho, and that abuts or is traversed by the subject right-of-way. Title Stipulations ¶ 28. The Kerners' predecessors-in-title include Sarah J. Jeffreys, who conveyed a strip of land to the Railroad by a warranty deed in 1899. Id. ¶ 29. This deed is comparable to the warranty deeds in Hash deed categories 4, 7 and 9, which were held by the district court to convey fee simple title to the Railroad. Id. ¶ 30. Under Idaho law, as interpreted and applied in the Hash decision, the Jeffreys deed conveyed fee simple title to the strip of land described therein to the Railroad. Id.

D. Title Stipulations Applicable to Plaintiffs Bruce and Julie Kerner

Bruce and Julie Kerner own certain property in Washington County, Idaho that abuts land owned by Plaintiffs Milton and Lola Kerner. However, the property owned by Bruce and Julie Kerner does not abut and is not traversed by the subject right-of-way. Accordingly, the parties have stipulated that Plaintiffs Bruce and Julie Kerner do not have standing to assert a taking of any ownership interest in the subject right-of-way. Title Stipulations ¶ 31.

E. Title Stipulations Applicable to Plaintiffs Steven R. and Elsie B. Shumway

On December 28, 1995, Plaintiffs Steven R. and Elsie B. Shumway were the owners of certain real property that is located in Adams County, Idaho, and that abuts or is traversed by the subject right-of-way. Title Stipulations ¶ 32. The Shumway's predecessors-in-title include William M and Martha L. Glenn and William Hartley. Id.

In 1905, the Glenns and Hartley conveyed strips of land to the Railroad by quitclaim deeds. Id. ¶¶ 33-36. These deeds are comparable to the deeds in Hash deed category 6, which were held by the district court to convey fee simple title to the Railroad. Id. ¶ 34 and ¶36. Under Idaho law, as interpreted and applied in the Hash decision, the Glenn and the Hartley deeds conveyed fee simple title to the strips of land described therein to the Railroad. Id.

F. Title Stipulations Applicable to Plaintiff Twila Harrison

On December 28, 1995, Plaintiff Twila Harrison was the owner of certain real property that is located in Washington County, Idaho, and portions of which abut or are traversed by the subject right-of-way. Title Stipulations ¶ 38. Harrison's predecessors-in-title include George W. Hoffstatter, who conveyed a strip of land to the Railroad by a quitclaim deed in 1899. Id. ¶¶ 38-39. This deed was included in Hash deed category 6, and the deeds in this category were held by the district court to convey fee simple title to the Railroad. Id. ¶ 40. Under Idaho law, as interpreted and applied in Hash, the Hoffstatter deed conveyed fee simple title to the strip of land described therein to the Railroad. Id.

## III. Summary Judgment Must Be Granted in Favor of the United States For Those Parcels in Which the Railroad Acquired a Fee Simple Absolute Interest

In order to maintain their takings claim in this case, Plaintiffs must first establish that they had an ownership interest in the right-of-way lands on the date of the alleged taking. See United States v. Dow, 357 U.S. 17, 20-21 (1958) (only the owner of the property at the time of the taking is entitled to compensation under the Fifth Amendment); Cienega Gardens v. United States, 331 F.3d 1319, 1328 (Fed. Cir. 2003) ("For any Fifth Amendment takings claim, the complaining party must show it owned a distinct property interest at the time it was allegedly taken"); Amaliksen v. United States, 55 Fed. Cl. 167, 171 (2003) ("Establishing title to the property allegedly taken is essential in asserting a taking"). Absent such an ownership interest, Plaintiffs have no standing to pursue a claim that their property has been taken. See Sacramento Municipal Utility Dist. v. United States, 62 Fed. Cl. 495, 501 (2005) ("It is well established that the owner of real property has standing to assert a Fifth Amendment takings claim."); Maniere v. United States, 31 Fed. Cl. 410, 420-21 (1994) (proof of possessing an interest in the property at issue is required to establish standing in a takings case).

In the context of a Fifth Amendment takings claim arising out of the Trails Act, it is well established that if the railroad company acquired fee simple title to the lands that make up its right-of-way, then the owners of the land abutting or traversed by the right-of-way have no ownership interest in the right-of-way and therefore cannot maintain a takings claim. As explained by the Federal Circuit,

> [c]learly, if the Railroad obtained fee simple title to the land over which it was to operate, and that title inures, as it would, to its successors, the [landowners] today would have no right or interest in those parcels and could have no claim related to those parcels

for a taking.

Preseault v. United States, 100 F.3d 1525, 1533 (Fed. Cir. 1996). See also King County v. Rasmussen, 299 F.3d 1077, 1088-89 (9th Cir. 2002) (affirming dismissal of rail-trail takings claims where railroad held fee simple title to the right-of-way), cert. denied, 538 U.S. 1057 (2003); Nat'l Wildlife Fed'n v. ICC, 850 F.2d 694, 703 (D.C. Cir. 1988) (rights-of-way held by the railroad in fee simple interests "are not affected by the takings clause aspect of this case").

In this case, the parties have stipulated that the Railroad acquired a fee simple interest in the segments of the right-of-way conveyed by each of the deeds in the chain of title for Plaintiffs Ron and Betty Blendu, Dean and Velda Fairchild, Milton and Lola Kerner, Steven and Elsie Shumway, and Twila Harrison. Because the Railroad acquired a fee simple interest in these segments of the right-of-way by the deeds in question, Plaintiffs have no ownership interest in those segments of the right-of-way and thus no standing to bring claims alleging that those segments were taken from them by operation of the Trails Act. Accordingly, Defendant is entitled to summary judgment with respect to the claims asserted by each of these Plaintiffs in this case.

In addition, the parties have stipulated that the property owned by Plaintiffs Bruce and Julie Kerner does not abut and is not traversed by the subject right-of-way. Accordingly, the parties have stipulated that Bruce and Julie Kerner do not have standing to assert a taking of any ownership interest in the subject right-of-way. Defendant is therefore entitled to summary judgment with respect to the claims asserted by Bruce and Julie Kerner in this case.

IV. Conclusion

For the reasons set forth above, Defendant respectfully requests that the Court grant its motion for summary judgment with respect to the claims of the following Plaintiffs: Dean and Velda Fairchild, Milton and Lola Kerner, Bruce and Julie Kerner, Steven and Elsie Shumway, and Twila Harrison. Defendant further requests that the Court grant its motion for summary judgment with respect to the portion of the claim of Ron and Betty Blendu that involves segments of the subject right-of-way that the Railroad acquired by deed.

Dated: March 9, 2007

Respectfully submitted,

MATTHEW J. McKEOWN
Acting Assistant Attorney General
Environment & Natural Resources Division

s/ Kristine S. Tardiff
KRISTINE S. TARDIFF
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
53 Pleasant Street, 4th Floor
Concord, NH 03301
TEL: (603) 230-2583
FAX: (603) 225-1577
E-MAIL: kristine.tardiff@usdoj.gov

Attorney for Defendant