IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| RON AND BETTY BLENDU, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No. 01-718 L<br><br>Judge Emily C. Hewitt |

**JOINT STATUS REPORT AND SCHEDULING PROPOSAL**

The parties submit this joint status report to inform the Court of their revised proposal regarding title and liability for certain segments of the right-of-way at issue in this case.

I. Withdrawal and Substitution of Title Stipulations

The parties previously filed a set of stipulations intended to resolve certain title-related issues in this case involving the interpretation of deeds under Idaho law. The parties' stipulations were intended to facilitate the resolution of this case while preserving the Plaintiffs' right and ability to appeal any adverse ruling with respect to the deed interpretation either through the related case of Hash v. United States, No. CV-99-324-S-MHW (D. Idaho), or through this case. However, based on their recent review of the status of both cases, the parties agree that their current stipulations do not adequately preserve that right of appeal in the manner they had intended. For that reason, the parties are proposing to withdraw their previously filed stipulations and to file a revised set of stipulations. The parties propose to accomplish this through (1) the filing of a joint motion to withdraw their previously filed stipulations and (2)

filing their revised title stipulations. The parties intend to file both the joint motion and the revised stipulations by May 31, 2007.

II. Further Proceedings Following Revision of Title Stipulations

The parties' proposed withdrawal and substitution of stipulations will not affect all of their prior title stipulations. The status of the pending claims based on the parties' current proposal is summarized as follows.

A. The Category 6 Deeds

The substantive changes in the parties' revised stipulations relate to six deeds by which the Railroad acquired its interest in the subject right-of-way which are comparable to the deeds in Hash deed category 6. These deeds and the claims that they relate to are as follows:

| Deed and Exhibit No. | Claim |
|---|---|
| Reed Deed, Ex. 4. to Revised Title Stipulations | Blendu |
| Hallstrom Deed, Ex. 5 to Revised Title Stipulations | Blendu |
| Girling Deed, Ex. 8 to Revised Title Stipulations | Fairchild |
| Day Deed, Ex. 9 to Revised Title Stipulations | Fairchild |
| Glenn Deed, Ex. 11 to Revised Title Stipulations | Shumway |
| Hartley Deed, Ex. 12 to Revised Title Stipulations | Shumway |
| Hoffstatter Deed, Ex. 13 to Revised Title Stipulations | Harrison |

The parties do not agree as to the nature of the interest acquired by the Railroad pursuant

to these six deeds, nor as to the applicability of an interlocutory decision in Hash in which the district court interpreted several similar deeds. Accordingly, the parties propose to brief the question of whether the six deeds in question conveyed fee simple title or an easement to the Railroad as a matter of Idaho law. Because this same issue was briefed in the Hash case, the parties propose to compile copies of the Hash briefs into a joint appendix to be filed with the Court. The parties will then file supplemental briefs to address the interpretation of the six deeds at issue in this case. The parties propose to brief this issue in accordance with the following schedule:

Joint Appendix of Hash Briefs to be filed by June 4, 2007.

Opening Supplemental Briefs Regarding the Category 6 Deeds to be filed by Plaintiffs and Defendant by July 13, 2007.

Reply Supplemental Briefs Regarding the Category 6 Deeds to be filed by Plaintiffs and Defendant by August 10, 2007.

B. Category 4, 7 and 9 Deeds

There are four deeds at issue in this case that the parties have stipulated are comparable to the deeds in Hash deed categories 4, 7 and 9. The parties previously stipulated that under Idaho law, as interpreted and applied in Hash, these four deeds conveyed fee simple title to the strips of land described therein to the Railroad. The parties are modifying these stipulations by further stipulating that, because the Railroad acquired fee simple title to the segments conveyed by the Category 4, 7 and 9 deeds at issue in this case, the Plaintiffs who own land abutting these segments do not have an ownership interest in those segments and therefore cannot pursue a takings claim involving those segments.

The category 4, 7 and 9 deeds in this case and the claims that they relate to are as follows:

| Deed and Exhibit No. | Claim |
|---|---|
| Potter Deed, Ex. 3 to Revised Title Stipulations | Blendu |
| Male Deed, Ex. 6 to Revised Title Stipulations | Fairchild |
| Kilborn Deed, Ex. 7 to Revised Title Stipulations | Fairchild |
| Jeffreys Deed, Ex. 10 to Revised Title Stipulations | Milton and Lola Kerner |

In accordance with their revised stipulations, the parties jointly request that the Court issue an order dismissing the claims or portions of claims involving property conveyed to the Railroad by these four deeds for lack of ownership. A proposed order is attached. Entry of this order also renders Defendant's pending motion for partial summary judgment (Doc. 44) moot with respect to these claims or portions of claims involving property conveyed to the Railroad by the Category 4, 7 and 9 deeds identified above.

C. Defendant's Pending Motion for Partial Summary Judgment

On March 9, 2007, Defendant filed a motion for partial summary judgment that encompasses the claims of Plaintiffs Dean and Velda Fairchild, Milton and Lola Kerner, Bruce and Julie Kerner, Steven and Elsie Shumway, Twila Harrison, and a portion of the claim of Plaintiffs Ron and Betty Blendu (Doc. 44). Pursuant to the Court's Order of May 10, 2007 (Doc. 49), Plaintiffs' response to Defendant's motion is due by June 15, 2007.

The parties hereby agree that further briefing on Defendant's motion for partial summary judgment should be stayed with respect to the six Category 6 deeds pending the Court's

resolution of the underlying title questions involving those deeds. This stay affects the portions of the claims of the Blendus, the Fairchilds, the Shumways and Twila Harrison that are based on the Category 6 deeds.

In addition, in light of the revised stipulations regarding the Category 4, 7 and 9 deeds at issue in this case, including the parties' request that the Court enter an order dismissing the claims or portions of claims involving property conveyed to the Railroad by those deeds for lack of ownership, the portion of Defendant's pending motion for partial summary judgment that related to those deeds is moot.

D. Just Compensation Proceedings

The parties propose to continue moving forward with just compensation proceedings as to the 1875 Act lands that are subject to the Court's Opinion of February 22, 2007 (Doc. 42). The next telephone status conference regarding the parties progress on this matter is scheduled for June 21, 2007, at 12:00 p.m. Eastern Daylight Time. See Order of May 11, 2007 (Doc. 50).

III. Conclusion

The parties are available to meet with the Court telephonically to discuss the revised proposal set forth herein. Alternatively, the parties respectfully request that the Court issue a scheduling order setting the various filing deadlines that the parties have agreed to and proposed herein.

Dted: May 30, 2007

Respectfully submitted,

MATTHEW J. McKEOWN
Acting Assistant Attorney General
Environment & Natural Resources Division

s/ Lary C. Walker
LARY C. WALKER
WALKER LAW OFFICE
232 East Main
Post Office Box 828
Weiser, ID 83672
TEL: (208) 414-0390
FAX: (208) 414-0404
E-MAIL: walker_law@justice.com

Attorney for Plaintiffs

s/ Kristine S. Tardiff
KRISTINE S. TARDIFF
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
53 Pleasant Street, 4th Floor
Concord, NH 03301
TEL: (603) 230-2583
FAX: (603) 225-1577
E-MAIL: kristine.tardiff@usdoj.gov

Attorney for Defendant

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 01-718 L

(E-Filed: May __, 2007)

| | |
|---|---|
| RON AND BETTY BLENDU, *et al.*, Plaintiffs, | ) |
| v. | ) |
| UNITED STATES OF AMERICA, Defendant. | ) |

ORDER [proposed]

On May 30, 2007, the parties filed a Joint Status Report and Scheduling Proposal and their Revised Title Stipulations. As a result of these filings, several claims or portions of claims are subject to dismissal because the Plaintiffs do not have an ownership interest in some or all of the land they allege to have been taken from them by operation of the Trails Act, and therefore cannot pursue takings claims involving those lands.

Claims Based on Category 4, 7 and 9 Deeds

There are four original deeds to the Railroad at issue in this case that the parties have stipulated are comparable to the deeds in deed categories 4, 7 and 9 in the related case of Hash v. United States, No. CV-99-324-S-MHW (D. Idaho). The parties have stipulated that under Idaho law, as interpreted and applied in Hash, these four deeds conveyed fee simple title to the strips of land described therein to the Railroad. The parties have further stipulating that, because the Railroad acquired fee simple title to the segments conveyed by the Category 4, 7 and 9 deeds at issue in this case, the Plaintiffs who own land abutting these segments do not have an ownership interest in those segments and therefore cannot pursue a takings claim involving those segments.

The category 4, 7 and 9 deeds in this case and the Plaintiffs who have brought claims alleging a taking of the lands conveyed to the Railroad by those deeds are as follows:

| Deed (Exhibit No.) | Plaintiffs |
|---|---|
| Warranty Deed from Francis M. and Pauline Potter to Pacific and Idaho Northern Railway Company (PIN Ry.), dated July 22, 1899 (Ex. 3 to Revised Title Stipulations) | Ron and Betty Blendu |
| Warranty Deed from William H. Male to PIN Ry., dated May 2, 1900 (Ex. 6 to Revised Title Stipulations) | Dean and Velda Fairchild |
| Warranty Deed from Marvin and Jane Kilborn to PIN Ry., dated August 29, 1899 (Ex. 7 to Revised Title Stipulations) | Dean and Velda Fairchild |
| Warranty Deed from Sarah J. Jeffreys to PIN Ry., dated July 1, 1899 (Ex. 10 to Revised Title Stipulations) | Milton and Lola Kerner |

In accordance with the parties' Revised Title Stipulations, the claims that are based on these four deeds are hereby dismissed due to the Plaintiffs' lack of ownership in the lands conveyed to the Railroad by the deeds.

Claim of Bruce and Julie Kerner

The parties have entered the following stipulation regarding the takings claims of Plaintiffs Bruce and Julie Kerner:

> Bruce and Julie Kerner own certain property in Washington County, Idaho that abuts land owned by Plaintiffs Milton and Lola Kerner. However, the property owned by Bruce and Julie Kerner does not abut and is not traversed by the subject right-of-way. Accordingly, the parties stipulate that Plaintiffs Bruce and Julie Kerner do not have an ownership interest in the subject right-of-way and cannot pursue a takings claim in this case. The parties therefore stipulate that the takings claim of Bruce and Julie Kerner shall be dismissed by order of the Court.

Revised Title Stipulations, ¶ 35 (filed May 30, 2007). In accordance with the parties' stipulation, the takings claim of Bruce and Julie Kerner is hereby dismissed due to the Kerners' lack of an

ownership interest in the subject right-of-way.

IT IS SO ORDERED.

EMILY C. HEWITT
Judge