# In the United States Court of Federal Claims

No. 01-718 L

(E-Filed: May 31, 2007)

RON AND BETTY BLENDU, et al.,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

ORDER

On May 30, 2007, the parties filed a Joint Status Report, a Scheduling Proposal, and their Revised Title Stipulations. As a result of these filings, several claims or portions of claims are subject to dismissal because plaintiffs do not have an ownership interest in some or all of the land they allege to have been taken from them by operation of the National Trails System Act, 16 U.S.C. § 1247(d) (2000), and therefore cannot pursue takings claims involving those lands.

I. Claims Based on Category 4, 7, and 9 Deeds

There are four original deeds to the Idaho Northern and Pacific Railroad (Railroad) at issue in this case that the parties have stipulated are comparable to the deeds in deed Categories 4, 7, and 9 (as defined in Hash v. United States (Hash I), No. 99-324, 2001 U.S. Dist. Lexis 24898 (D. Idaho Nov. 27, 2001)) in the related case of Hash v. United States, No. CV-99-324-S-MHW (D. Idaho). The parties have stipulated that, under Idaho law, as interpreted and applied in Hash, these four deeds conveyed fee simple title to the parcels of land described therein to the Railroad. The parties have further stipulated that, because the Railroad acquired fee simple title to the parcels conveyed by the Category 4, 7, and 9 deeds at issue in this case, the plaintiffs who own land abutting these parcels do not have an ownership interest in those parcels and therefore cannot pursue a takings claim involving those parcels.

The Category 4, 7, and 9 deeds in this case and the plaintiffs who have brought claims alleging a taking of the lands conveyed to the Railroad by those deeds are as follows:

| Deed (Exhibit No.) | Plaintiffs |
|---|---|
| Warranty Deed from Francis M. and Pauline Potter to Pacific and Idaho Northern Railway Company (PIN Ry.), dated July 22, 1899 (Ex. 3 to Revised Title Stipulations) | Ron and Betty Blendu |
| Warranty Deed from William H. Male to PIN Ry., dated May 2, 1900 (Ex. 6 to Revised Title Stipulations) | Dean and Velda Fairchild |
| Warranty Deed from Marvin and Jane Kilborn to PIN Ry., dated August 29, 1899 (Ex. 7 to Revised Title Stipulations) | Dean and Velda Fairchild |
| Warranty Deed from Sarah J. Jeffreys to PIN Ry., dated July 1, 1899 (Ex. 10 to Revised Title Stipulations) | Milton and Lola Kerner |

In accordance with the parties' Revised Title Stipulations, the claims that are based on these four deeds are DISMISSED due to plaintiffs' lack of ownership in the lands conveyed to the Railroad by the deeds.

II. Claim of Bruce and Julie Kerner

The parties have entered the following stipulation regarding the takings claims of plaintiffs Bruce and Julie Kerner:

> Bruce and Julie Kerner own certain property in Washington County, Idaho that abuts land owned by Plaintiffs Milton and Lola Kerner. However, the property owned by Bruce and Julie Kerner does not abut and is not traversed by the subject right-of-way. Accordingly, the parties stipulate that Plaintiffs Bruce and Julie Kerner do not have an ownership interest in the subject right-of-way and cannot pursue a takings claim in this case. The parties therefore stipulate that the takings claim of Bruce and Julie Kerner shall be dismissed by order of the Court.

Revised Title Stipulations, filed May 30, 2007, ¶ 35. In accordance with the parties' stipulation, the takings claim of Bruce and Julie Kerner is DISMISSED due to the Kerners' lack of an ownership interest in the subject right-of-way.

III. Conclusion

Pursuant to Rule 54(b) of the Rules of the Court of Federal Claims (RCFC), the court finds that there is no just reason for delay in the entry of judgment. The Clerk of the Court is directed to ENTER JUDGMENT in favor of defendant as to the claims of Bruce and Julie Kerner. The Clerk is directed to ENTER JUDGMENT in favor of defendant as to the claims of Ron and Betty Blendu, Dean and Velda Fairchild, and Milton and Lola Kerner based on the four deeds identified in this Order.

IT IS SO ORDERED.

s/ Emily C. Hewitt
EMILY C. HEWITT
Judge