Kristine S. Tardiff
NH Bar No. 10058
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
53 Pleasant Street, 4th Floor
Concord, NH 03301
TEL: (603) 230-2583
FAX: (603) 225-1577
EMAIL: kristine.tardiff@usdoj.gov

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT HASH and GERLENE HASH, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. CV99-324S-MHW |

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT AND REPLY BRIEF IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING THE PROPERTY INTEREST ORIGINALLY ACQUIRED BY THE RAILROAD FOR CATEGORIES 5, 6, 8, 14 and 15**

Dated: February 24, 2006

**TABLE OF CONTENTS**


I. Summary of Reply Arguments . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. Reply Arguments . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

A. Plaintiffs Cannot Extract a Strict Rule of Deed Construction From Idaho Supreme Court Decisions That Do Not Articulate and Apply Such a Rule . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

B. Plaintiffs' Reliance on Decisions Based on State Law That Conflicts With or is Contrary to Idaho State Law Should Be Rejected . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

C. Plaintiffs' Attempt to Reverse the Presumptions Under Which Railroad Deeds Are Interpreted Under Idaho Law Should Be Rejected . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

III. Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## TABLE OF AUTHORITIES

### CASES


Bashore v. Adolf, 238 P. 534 (Idaho 1925) . . . . . . . . . . 3

C&G Inc. v. Rule, 25 P.3d 76 (Idaho 2001) . . . . . . . . . . 2, 5, 6, 7

Consolidated Rail Corporation v. Lewellen,
666 N.E.2d 958 (Ind. App. 1996) . . . . . . . . . . 4, 5

Hanson Industries, Inc. v. County of Spokane,
58 P.3d 910 (Wash. App. 2002) . . . . . . . . . . 6, 7

Hartman v. J&A Development Company,
672 S.W.2d 364 (Mo. Ct. App. 1984) . . . . . . . . . . 4, 5

Illinois Cent. R. Co. v. Roberts, 928 S.W.2d 822 (Ky. 1996) . . . . . . . . . . 8

Neider v. Shaw, 65 P.3d 525 (Idaho 2003) . . . . . . . . . . 1, 9

Ross, Inc. v. Legler, 199 N.E.2d 346 (Ind. 1964) . . . . . . . . . . 8

Stark v. McLaughlin, 261 P. 244 (Idaho 1927) . . . . . . . . . . 3

Sunnyside Ranches, Inc. v. Yakima Interurban Lines Association
126 P.3d 16 (Wash. 2006) . . . . . . . . . . 8

Union Pac. R. Co. v. Ethington Family Trust,
50 P.3d 450 (Idaho 2002) . . . . . . . . . . 7, 8


### STATUTES


I.C. § 55-604 . . . . . . . . . . 6

I. Summary of Reply Arguments

Defendant has moved for summary judgment as to Categories 5, 6, 8, 14 and 15, because the representative deeds from these categories unambiguously conveyed fee simple title to the Railroad under Idaho law. Def.'s Brf. (Jan. 20, 2006) (Doc. 122). Plaintiffs have cross-moved as to Categories 5, 6 and 8, arguing that the same deeds conveyed only easements. Pls.' Cross-Mot. and Brf. (Feb. 10, 2006) (Doc. 127). Plaintiffs "are not requesting review of Category 14 deeds and Plaintiffs agree with Defendant (see Def. Br. at 29-30), that Category 15 deeds do not require additional review because they are overlapping deeds." Pls.' Cross-Mot. at 2 n.1 (Doc. 127); see also Def.'s Brf. at 1 (explaining the two overlapping categories).

As explained below, Plaintiffs' assertion that all of the subject deeds conveyed only an easement is based on an overly broad reading of Neider v. Shaw, 65 P.3d 525 (Idaho 2003). Plaintiffs advocate the adoption of a strict rule of deed construction under which the mere use of the term "right of way" in a deed to a railroad requires that the deed be interpreted as conveying only an easement. Neider does not apply such a rule to the deed at issue in that case, nor can it be read to adopt such a strict rule for application in all future cases involving the interpretation of deeds to railroads. The strict rule of construction advocated by Plaintiffs conflicts with numerous well-settled principles of Idaho law including Idaho's fee simple presumption statute, Idaho's rejection of the so-called strip and gore doctrine, and the principle that when construing a deed, courts must seek to give effect to the intent of the parties and such intent is to be determined by examining the deed as a whole. Moreover, although the strict rule of construction advanced by Plaintiffs enjoys support in some jurisdictions, a review of the cases relied on by Plaintiffs reveals that this strict rule has emerged in states that apply presumptions and rules of

construction that are in conflict with Idaho law. Plaintiffs' reliance on such decisions is thus unpersuasive.

The deeds at issue in this briefing are not identical to the deeds found to convey fee simple title in C&G Inc. v. Rule, 25 P.3d 76 (Idaho 2001), nor are they identical to the deed found to convey only an easement in Neider. Since neither C&G nor Neider reach the precise deed interpretation issues before this Court, those decisions do not dictate a particular result in this case. Instead, those decisions simply require the Court to apply the long-standing principles of Idaho law articulated therein and to ascertain the intent of the parties based on an examination of the deeds as a whole. For the reasons set forth below and in Defendant's opening brief (Doc. 122), the deeds in this case lack the restrictive use language and the reverter clause that was handwritten into the Neider deed and led the Neider court to conclude that the parties intended the deed to convey only an easement. Instead, the subject deeds use the language of fee simple conveyances and lack any language sufficient to overcome the presumption of a fee simple conveyance that applies under Idaho law. Accordingly, the Court should again find that the representative deeds for Categories 5, 6, 8, 14 and 15, conveyed fee simple title to the Railroad.

## II. Reply Arguments

Plaintiffs contend that "[i]n Neider, the Idaho Supreme Court held that 'right-of-way' language found anywhere in the substantive portions of a railroad deed conveys an easement, and not fee simple title." Pls.' Brf. at 1. Plaintiffs then proceed to argue that "substantive provisions" should be broadly interpreted to include any and all provisions of the deed. Id. at 3-4. The net result is that Plaintiffs are arguing that this Court should adopt a strict rule of deed construction under which the mere appearance of the term "right of way" anywhere within the

four corners of a railroad deed should conclusively establish that the deed conveys only an easement without any consideration of the manner in which that term is used. For the reasons set forth below, the strict rule of railroad deed construction advocated by Plaintiffs should be rejected as contrary to Idaho law.

A. Plaintiffs Cannot Extract a Strict Rule of Deed Construction From Idaho Supreme Court Decisions That Do Not Articulate and Apply Such a Rule

Plaintiffs' expansive interpretation of Neider is contrary to the Idaho Supreme Court's admonitions against expanding its holdings beyond the facts actually presented and the questions actually decided in any given case. As the Idaho Supreme Court has repeatedly noted, "[e]ach case must be construed with reference to the circumstances of that case and the questions actually under consideration, and limited to those points of law raised by the record, considered by the court, and necessary to the determination of the case." Stark v. McLaughlin, 261 P. 244, 245 (Idaho 1927) (citations omitted). Alternatively stated, the opinions of a court "must be considered and construed in light of the rule that they are authoritative only on the facts on which they are founded. General expressions must be taken in connection with the case in which those expressions are used." Bashore v. Adolf, 238 P. 534 (Idaho 1925).

Plaintiffs' attempt to draw a very strict rule of deed construction out of general expressions in Neider & C&G, which involved the interpretation of a deeds that are factually distinguishable from the deeds at issue in this briefing, is contrary to these principles.[1]

[1]Notably, there are deeds at issue in this case – the Category 2 and 3 deeds – that restrict the use of the conveyed property to railroad or right of way purposes *and* contain a reverter clause, much like the deed at issue in Neider. This Court previously held that these deeds conveyed a fee simple determinable interest to the Railroad. Hash Mem. Decision at 8-11. This ruling was not included in the Court's entry of partial final judgment (Doc. 108), and thus was not part of Plaintiffs' appeal.

Specifically, the inclination of the C&G court to agree with cases that the court ultimately found did not apply to the facts of that case, 25 P.3d at 80-81, followed by the Neider court's interpretation of a single deed as conveying only an easement because of a handwritten clause that contained restrictive use language and a reverter clause, 65 P.3d at 530, does not amount to a sea change in Idaho law. Instead, these cases reaffirm and apply long-standing principles of Idaho law that Plaintiffs' analysis ignores.

B. Plaintiffs' Reliance on Decisions Based on State Law That Conflicts With or is Contrary to Idaho State Law Should Be Rejected

Plaintiffs also attempt to support the rule they squeeze out of the Neider decision by claiming that this rule has enjoyed broad acceptance in other states. Pls.' Brf. at 6. However, a closer examination of the cases cited by Plaintiffs to support this argument reveals critical differences between law applied in those cases and Idaho law.

For example, Plaintiffs rely on cases such as Consolidated Rail Corporation v. Lewellen, 666 N.E.2d 958, 962 (Ind. App. 1996), and Hartman v. J&A Development Company, 672 S.W.2d 364, 365 (Mo. Ct. App. 1984), for the proposition that any reference to or use of the term "right of way" in a deed requires the deed to be interpreted as conveying only an easement. Pls.' Brf. at 6. However, actual examination of these decisions reveal that the courts' rulings therein are based on principles of Indiana and Missouri state law that are in conflict with Idaho law.

First, in Lewellen, the court explained that public policy in Indiana does not favor the conveyance of strips of land in fee simple to railroads, and then applied this public policy in interpreting the deed at issue as conveying only an easement. Lewellen, 666 N.E.2d at 962. The public policy articulated and applied in Lewellen, which is widely referred to as the "strip and gore doctrine," was also applied in Hartman. 672 S.W.2d at 365. As applied in Hartman, the

strip and gore doctrine results in a presumption that a deed to a railroad is intended to convey only an easement "unless the parties make clear that a fee is intended[.]" Id.

Plaintiffs' continuing reliance on cases that turn on an application of the strip and gore doctrine and the presumptions or rules of deed construction that arise therefrom must be rejected as contrary to Idaho law. Indeed, the Supreme Court of Idaho has expressly declined to apply the strip and gore doctrine to railroad deeds, stating that "[w]e have never recognized such a policy in a railroad deed construction case and are reluctant to do so in light of the legislature's mandate in favor of conveying fee simple title." C&G, 25 P.3d at 81. Accordingly, the strip and gore doctrine is not applied to railroad deeds under Idaho law.[2] Moreover, instead of applying a presumption that deeds to railroads convey only an easement, Idaho law has a fee simple presumption statute that applies to all conveyances, including conveyances to a railroad. Id. Plaintiffs' reliance on cases that apply contrary law should be rejected.

Second, the Lewellen court explicitly rejected case law recognizing the dual meaning of the term "right-of-way" and held, instead, that "'right-of-way' means easement regardless of whether the deed may be considered ambiguous because the term 'right-of-way' can have two meanings[.]" 666 N.E.2d at 963. The Hartman decision follows suit, stating that the use of such

[2]Notably, this Court previously held that "the strip and gore doctrine does not apply to railroad lands under Idaho law" and thus declined to apply "a presumption that the railroad deeds conveying strips of land must be interpreted as conveying only an easement." Hash, Mem. Dec. at 4 (citing and discussing C&G, 25 P.3d at 81). Nothing in Neider, and nothing in the Federal Circuit's mandate requiring this Court to revisit its prior rulings in light of Neider, requires a different conclusion. Although Plaintiffs no longer apply the strip and gore doctrine by name in their brief, the "public policy" that forms the basis of that doctrine continues to serve as a bedrock of their arguments, and is central to many of the cases Plaintiffs' rely on. See Pls.' Brief at 6, 9-10, 12 and 24. Plaintiffs cannot circumvent both C&G and this Court's prior rejection of the strip and gore doctrine by applying the substance of that doctrine without identifying the doctrine by name.

term "as a limitation on the use of land is a strong, almost conclusive indication that the interest conveyed is an easement." 672 S.W.2d at 365. In contrast, Idaho courts have long recognized the dual meaning of the term right-of-way. See Def.'s Brf. at 5-6 (Doc. 122). To adopt the strict rule of construction advocated by Plaintiffs, this Court would need to reject Idaho law's long-standing recognition that the use of the term "right of way" in a deed may be "merely descriptive as to the use to which the land is put[,]" and that when the term is used in this manner, it "does not serve to limit or restrict the estate conveyed." C&G, 25 P.3d at 80. The Neider decision does not compel or support such a conclusion.

C. Plaintiffs' Attempt to Reverse the Presumptions Under Which Railroad Deeds Are Interpreted Under Idaho Law Should Be Rejected

There is, without question, conflict among courts regarding the interpretation of railroad deeds as conveying fee simple title or only an easement. See C&G, 25 P.3d at 80 (recognizing that "a conflict exists among courts as to the interpretation of deeds purporting to convey land where there is also a reference to a 'right of way'"); Hanson Indus., Inc. v. County of Spokane, 58 P.3d 910, 913-14 (Wash. App. 2002) (recognizing that "the authorities are split" on railroad deed interpretation). The authorities generally fall into two categories. One group of jurisdictions "hold that a grant for the purpose of a railroad right-of-way conveys an easement only, absent express language to the contrary." Hanson, 58 P.3d at 914. This presumption that all deeds to railroads convey only an easement is referred to by some courts as the "majority" view." Id. The other group of jurisdictions "presume the conveyance of a fee unless an easement is unambiguously expressed." Id. This is referred to by some courts as the "minority" view. Id.

Idaho law is fully aligned with the so-called minority view. As noted above, Idaho law includes a fee simple presumption statute, I.C. § 55-604. This statutory presumption was in

effect at the time the deeds at issue in this case were executed. There is no dispute that this fee simple presumption statute applies to all conveyances, including deeds to a railroad, under Idaho law. See C&G, 25 P.3d at 81 (applying Idaho's fee simple presumption statute to railroad deeds, and citing favorably to decisions from other states that apply similar statutes when interpreting railroad deeds); Union Pac. R. Co. v. Ethington Family Trust, 50 P.3d 450, 453 (Idaho 2002).[3] Instead of relying on cases from "minority" view states that, like Idaho, apply fee simple presumption statutes to railroad deeds, Plaintiffs support the rule of strict construction that they advocate by relying on cases that apply the majority view and employ presumptions that are contrary to Idaho law. In this regard, Plaintiffs' rule appears to be simply a recitation of the "majority view" applied in other states.

For example, Plaintiffs support various arguments in their brief by citation to Hanson Industries, *supra*, a case that applies Washington state law. However, in relying on this case, Plaintiffs fail to note that this decision states that Washington is a "majority view" state that applies a presumption that a deed to a railroad conveys an easement "even in the face of traditional factors signifying a fee." Hanson, 58 P.3d at 914. Thus, under Washington law, as articulated in the Hanson case, "general rules of deed interpretation are not dispositive in

---

[3]Plaintiffs acknowledge Idaho's fee simple presumption statute but argue that the presumption is not triggered when the term "right of way" is used in the deed. Pls.' Brf. at 8. This same type of argument was made by the appellants in C&G and was expressly rejected by the Idaho Supreme Court in that decision. C&G, 25 P.3d at 81. Moreover, contrary to Plaintiffs' assertion, neither C&G nor Neider hold that Idaho's fee simple presumption statute is not triggered if the term "right of way" is found in the deed. Pls.' Brf. at 8. Indeed, Plaintiffs' construction of the fee simple presumption statute would effectively negate that statute in the context of interpreting railroad deeds. Such a construction is directly contrary to Idaho Supreme Court holdings indicating that this statute applies to railroad deeds just as it does to other conveyances. C&G, 25 P.3d at 81; Union Pacific, 50 P.3d at 453.

determining the interest intended by the grantor." Id. Other cases relied on by Plaintiffs suffer from the same defect of applying the "majority view" and employing presumptions that are in conflict with, if not contrary to, Idaho law.[4] See, e.g., Illinois Cent. R. Co. v. Roberts, 928 S.W.2d 822, 825 (Ky. 1996) (cited in Plaintiffs' Brief at 7 and 15) (applying the majority view that "the presence of language referring in some manner to a 'right of way' operates to convey a mere easement notwithstanding additional language evidencing the conveyance of a fee").[5] In contrast, Defendant's analysis of the deeds at issue in this case is based on Idaho law, with supporting citations to decisions that are consistent with Idaho law. See Def.'s Brf. at 15-18, 21, 24-26; C&G, 25 P.3d at 80 (identifying decisions that are "consistent with" the holding in C&G).

---

[4]The outcome of many of the "majority view" cases that Plaintiffs rely on is also affected by state law that prohibits railroads from condemning more than an easement. See Illinois Cent. R. Co. v. Roberts, 928 S.W.2d 822, 825 (Ky. 1996) (supporting its application of a "conclusive presumption" that railroad deeds convey only an easement by reference to "condemnation cases wherein only a right-of-way easement is acquired"); Ross, Inc. v. Legler, 199 N.E.2d 346, (Ind. 1964) (under Indiana law, when a railroad acquires a right of way by condemnation, it cannot acquire fee simple title). Such cases are not controlling here since Idaho law permits railroads to acquire fee simple title to lands. E.g., Union Pacific v. Ethington, *supra*, 50 P.3d at 452 (under Idaho law, a railroad can own property in fee simple). It is undisputed that the Railroad acquired fee simple title to much of the land that comprises the 83.1-mile right-of-way at issue in this case.

[5]Even in cases involving state law that follows the majority view and presumes the grant of an easement, courts can and do conclude that a railroad deed using the term "right of way" conveys fee simple title despite the state law presumptions to the contrary. Cases so decided under Washington state law are cited in Defendant's brief. Def.'s Brf. at 17, 25-26. Plaintiffs argue that more recent decisions applying Washington law support their positions. Pls.' Brf. at 23 n.3. However, the decision Plaintiffs point to in Sunnyside Ranches, Inc. v. Yakima Interurban Lines Association actually reveals that Washington law has moved away from the strict rule of railroad deed construction advocated by Plaintiffs. 126 P.3d 16 (Wash. 2006). Although the deed at issue in Sunnyside Ranches was held to convey only an easement, the Washington Supreme Court noted that "the use of the term 'right of way' in the granting clause is not *solely* determinative of the estate conveyed," although it remains "highly relevant" under Washington law particularly when the term "is used to define the purpose of the grant." Id. at 25.

III. Conclusion

In advocating a strict rule of construction under which the mere use of the term "right of way" anywhere in a deed to a railroad mandates a finding that the deed conveys only an easement, Plaintiffs seek to elevate form over substance. Such an approach is directly contrary to Idaho law, which requires courts to "seek to give effect to the intent of the parties" when they construe a deed. Neider, 65 P.3d at 530. Under Idaho law, "[t]he intent of the parties is determined by viewing the conveyance instrument as a whole." Id. These principles of Idaho law would be negated by the adoption of Plaintiffs' rule, which would give controlling effect to the mere use of the term "right of way" anywhere in a deed despite Idaho law's long-standing recognition of the dual meaning of that term.

Notably, the Neider decision represents an implicit rejection of form over substance. The Neider deed was a pre-printed warranty deed that included all of the standard language needed to convey fee simple title. 65 P.3d at 527, 530; Def. Ex. 5. However, based on an examination of the deed as a whole, the Neider court found that the grantors' intent to convey only an easement was unambiguously reflected in a handwritten clause added to the printed deed that expressly limited the purpose of the grant and provided for a reversion to the grantor if the permitted uses ceased.[6] 65 P.3d at 530. In effect, the Neider court found that the presumption of a fee simple grant evident from the other language in the deed was overcome by the handwritten language

[6]As explained in more detail in Defendant's opening brief, none of the deeds presently before the Court contain similar restrictive language and reverter clauses similar to the handwritten language found in the Neider deed. The deeds at issue in this case that are most similar to the Neider deed are the Category 2 and 3 deeds, which the Court already found to convey a fee simple determinable interest. See n.1, *supra*.

added to the deed by the grantors, which the court found to be indicative of the grantors' intent.[7]

Applying the principles articulated in cases such as C&G and Neider, the Court should reject Plaintiffs' form over substance approach and instead seek to ascertain the intent of the parties by examining the subject deeds as a whole. That examination necessarily includes consideration of the parties' use of the term "right of way" in these deeds. However, consistent with Idaho law and contrary to Plaintiffs' assertions, the manner in which that term is used should be the controlling factor, not the mere presence of the term.

Applying these principles to the deeds in question, as Defendant has done in its opening memorandum (Doc. 122), Defendant submits that the deeds at issue unambiguously conveyed a fee simple interest to the Railroad. Defendant's motion for summary judgment should therefore be granted, and Plaintiffs' cross-motion should be denied.

Dated: February 24, 2006

Respectfully submitted,

SUE ELLEN WOOLDRIDGE
Assistant Attorney General
Environment & Natural Resources Division

/s/ Kristine S. Tardiff
E-Mail: kristine.tardiff@usdoj.gov
KRISTINE S. TARDIFF (NH Bar No. 10058)
United States Department of Justice
Environment & Natural Resources Division
53 Pleasant Street, 4th Floor
Concord, NH 03301
TEL: (603) 230-2583/FAX: (603) 225-1577

Of Counsel:
ELLEN D. HANSON, General Counsel
EVELYN KITAY, Attorney
Surface Transportation Board
Washington, D.C. 20423

[7]Although the Neider court does not reference Idaho's fee simple presumption statute in its analysis, it cites to C&G, where the court held that this statute applies to railroad deeds.

Lary C. Walker, ISB No. 1303
WALKER LAW OFFICE
232 East Main Street
PO Box 828
Weiser, ID 83672
Telephone: (208) 414-0390
Fax: (208) 414-0404
Email: walkerlaw_bk@ruralnetwork.net
and
Cecilia Fex, *pro hac vice* (DC Bar No. 435061)
ACKERSON KAUFFMAN FEX, PC
1250 H Street, N.W., Suite 850
Washington, DC 20005
Telephone: (202) 833-8833
Fax: (202) 833-8831
Email: fex@ackersonlaw.com

*Counsel for Plaintiffs' Class*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| ROBERT HASH and GERLENE HASH, *et al.*, | |
| Plaintiffs, | |
| | Case No. CV99-324S-MHW |
| v. | |
| | Honorable Mikel H. Williams |
| UNITED STATES OF AMERICA | |
| Defendant. | |

**CLASS REPRESENTATIVES' REPLY BRIEF**
**IN SUPPORT OF THEIR CROSS MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING THE PROPERTY INTEREST ORIGINALLY ACQUIRED BY THE RAILROAD FOR CATEGORIES 5, 6, AND 8**

Dated: March 3, 2006

# TABLE OF CONTENTS

**PAGE**

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

1. Plaintiffs' description of the rule of law is consistent with Idaho authority: "use of the term right-of-way in the substantive portions" of a deed "creates an easement." . . . 1

2. The pronouncements in *Neider* and *C&G* do not reflect a "sea change" and should be treated as precedent under Idaho law. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

3. The law that is in harmony with *Neider*, some of which was cited to approvingly to in *C&G*, do not suffer from the distinctions Defendant claims. . . . . . . . 4

A As in Idaho, states with rules similar to the rule of law expressed in *Neider* concerning "intent" of right-of-way language also have fee presumption statutes. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

B The "critical differences" argued for by Defendant do not exist . . . . . . . . . . . . . 7

C Contrary to Defendant's representation, none of the authority which Plaintiffs submit are consistent with *Neider* and *C&G* adhere to a "presumption that all deeds to railroads convey only an easement." . . . . . . . . 9

D The *Neider* rule stems from the teachings "recognized" in *C&G*, not from the County Recorder's office use of a pre-printed form with added, handwritten transcription by the County Clerk. . . . . . . . . . . . . . . 10

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

**PAGE**

**AUTHORITIES**

*Anderson & Co. v. Hall's Adm'r,*
3 Ky. L. Rptr. 579, 1882 WL 8208 (Ky. 1882) . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*C&G, Inc. v. Rule,*
25 P.3d 76 (Idaho 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *Passim*

*Chevy Chase Land Co. v. U.S.,*
733 A.2d 1055 (Md. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 8

*City of Eunice v. Sunland Properties, Inc.,*
597 So.2d 1198 (La. App. 3d Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*City of Port Isabel v. Missouri Pacific R. Co.,*
729 S.W.2d 939 (Tex. Ct. App. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Consolidated Rail Corp., Inc. v. Lewellen,*
666 N.E.2d 958 (Ind. App. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Hanson Industries, Inc. v. County of Spokane,*
58 P.3d 910 (Wash. App. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 8, 9

*Hash v. United States,*
403 F.3d 1308 (Fed. Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3

*Illinois Cent. R. Co. v. Roberts,*
928 S.W.2d 822 (Ky. Ct. App. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

*McVey v. Unknown Shareholders of Inland Coal and Washing Co.,*
427 N.E.2d 215 (Ill. App. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Neider v. Shaw,*
65 P.3d 525 (Idaho 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *Passim*

*Right of Way Oil Co. v. Gladys City Oil, Gas & Mfg. Co.,*
157 S.W. 737 (Tex. 1913) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## OTHER AUTHORITIES

765 ILL. COMP. STAT. 5/13 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

INDIANA CODE § 32-17-1-2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Md. Code (1904), Art. 21, § 12 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

TEX. PROP. CODE § 5.001 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

## INTRODUCTION

The pronouncement by the Idaho Supreme Court is straightforward: "use of the term right-of-way in the substantive portions of a conveyance instrument creates an easement," *Neider v. Shaw*, 65 P.3d 525, 530 (Idaho 2003) (*citing C&G, Inc. v. Rule*, 25 P.3d 76 (Idaho 2001)). Under the weight of this unequivocal statement, Defendant argues the Plaintiffs are claiming that "right of way" *anywhere* in a deed creates an easement. It further argues the "majority view" differs fatally from Idaho law on a few grounds including that the majority of states lack fee presumption laws and the majority of courts presume *all* railroad deeds create easements. As such, Defendant misunderstands Plaintiffs' discussion on railroad deed construction under Idaho law, misunderstands the majority rule, and suggests a restrictive reading of *Neider* and *C&G* which, if taken as true, would gut and render hollow the teaching "recognized" by the Idaho Supreme Court as being the rule in railroad deed construction under Idaho law. *See id.*

## ARGUMENT

### 1. Plaintiffs' description of the rule of law is consistent with Idaho authority: "use of the term right-of-way in the *substantive portions*" of a deed "*creates an easement*."

Defendant erroneously argues that Plaintiffs advocate "the adoption of a strict rule of deed construction" (Defendant's Response/Reply "Def.'s Reply" at 1) under "which the mere appearance of the term 'right of way' anywhere within the four corners of the railroad deed" (id. 2-3) militates the finding of an easement. Nowhere do Plaintiffs take this radical position.

The rule of the law in this case is that the requisite phrase is contained in the substantive provisions here. *Hash v. United States*, 403 F.3d 1308, 1319 (Fed. Cir. 2005) ("[b]y warranty deed or quitclaim deed, these landowners conveyed 'real estate' that was described as a 'right of

way' or as a 'perpetual right of way' *in the substantive part of the deed*") (emphasis added). Accordingly, Plaintiffs' arguments focus on how the phrase here operates to express the intent to convey an easement. (Plaintiffs' Memorandum in Support of Cross Motion "Pls.' Br." at 7) ("the presence of language in the substantive portions of the deed using 'right-of-way' language *to fairly imply a restriction on the grant* will operate to convey an easement") (emphasis added); see generally Plaintiffs' reasoning as to why the language at issue here satisfies the considerations expressed in *Neider* and *C&G* (Pls.' Br. 5-9; 12-13; 15; 17; 19-20; 22-23).) As such, Defendant's argument that Plaintiffs have staked their case on the claim that "right of way" can appear *anywhere* in the deed, thereby "seek[ing] to elevate form over substance" (Def.'s Reply 9) is simply flat wrong.

Moreover, comparing the deeds in Categories 5, 6 and 8 with deeds from other categories that overlap with Category 15 negates Defendant's "strict construction" argument. While "right-of-way" language is found in certain deeds belonging in Category 15 that overlap with the categories not challenged by Plaintiffs, Plaintiffs have not asked the Court to find that the "right-of-way" language in those Category 15 deeds rise to the level of showing an intent to convey an easement. (*See* Pls.' Cross Mtn.)

In some instances, the "right-of-way" language in these overlapping categories are found in several places. (*See* Joint App. 10 (deed titled "Right of Way Warranty Deed," stating, "[the Railroad] agrees to keep and maintain a crossing across said right of way . . . and keep the said right of way fenced . . ."); Joint App. 12 ("[Grantors] reserve the right of way across said railway right of way . . .").) These "right-of-way" references, however, do not satisfy the rule stated in *Neider*. With the clear pronouncement on point by the *Neider* court which was unavailable to

this Court when issuing its previous holding,[1] Plaintiffs have confined their motion for partial summary judgment to Categories 5, 6, and 8, in which the intent of the parties are expressed in the substantive portions of the deed.[2] *See Hash*, 403 F.3d at 1320-21.

As such, Defendant fails to recognize that Plaintiffs merely ask this Court to apply the rule which was *twice* pronounced by the *Neider* court: "This Court, however, recognized that use of the term right-of-way in the substantive portions of a conveyance instrument creates an easement," and, "this Court has identified ['right of way'] as language that creates an easement" when it is used in "a substantive provision of the conveyance instrument." 65 P.3d at 530.

**2. The pronouncements in *Neider* and *C&G* do not reflect a "sea change" and should be treated as precedent under Idaho law.**

A holding that intent of an easement is found when "right-of-way" language is used in the substantive portion of a deed to fairly imply such intention is not a "sea change" of the law. (Def.'s Reply 4.) Nonetheless, it is clear the pronouncement was a clarification or modification of the law, *Hash*, 403 F.3d at 1320, and is highly relevant here. *Id.* at 1321. Because the pronouncements made by the Idaho Supreme Court are fatal to its arguments, Defendant makes a

---

[1] Defendant repeatedly references back to this Court's original decision from 2001 (Def.'s Reply 2, 5 n.2; *see also* Def. Br. 10, 14, 29) and by implication suggests that the Court's original decision on the issues should carry precedential weight. The *Neider* decision came long after this Court issued its Memorandum decision, however, and Plaintiffs respectfully submit that the rule of law stated in *Neider,* and the reasoning in *C&G* as relied on by the *Neider* court, naturally was not considered by this Court when reaching its findings under Categories 5, 6 and 8. *Cf. Hash*, 403 F.3d at 1321.

[2] Defendant suggests Categories 2 and 3 deeds are on all fours with the Bow deed in *Neider.* (Def.'s Reply 3, n.1.) Not so. While *Neider* establishes they are easements, Categories 2 and 3 deeds are dissimilar to the Bow deed. They have fewer indicia of traditional fee provisions and stronger "purpose" language. (Joint App. 11, 18.) Shortly, Plaintiffs will move the Court to modify its decision holding Categories 2 and 3 deeds to be fee simple determinable in light of *Neider.*

case for unduly restricting the precedential value of these pronouncements. (Def.'s Reply 3-4.)

Thus, in essence Defendant asks this Court to disregard the Federal Circuit's instructions on remand that *Neider* has "clarified or modified" the law in Idaho, *id*. at 1320, that the guidance in *C&G* was modified or clarified "in a way that appears to be highly relevant to the deeds here at issue," *id.* at 1321, and asks this Court to find that *Neider* did not really mean what it said.

### 3. The law that is in harmony with *Neider*, some of which was cited to approvingly in *C&G*, does not suffer from the distinctions Defendant claims.

### A. As in Idaho, states with rules similar to the rule of law expressed in *Neider* concerning "intent" of right-of-way language also have fee presumption statutes.

Defendant argues that Idaho law is aligned with the "minority view" of railroad deed construction where a presumption of fee simple conveyance controls the analysis, unlike the "majority view"[3] where, Defendant implies, no fee presumption laws are available and instead the purported presumption is that "all deeds to railroads convey only an easement." (Def.'s Reply 6-7.) Both of those premises are false.

First, the *Neider* court did not apply the presumption. 65 P.3d at 525. Thus, it is false that the "fee simple presumption statute applies to all conveyances" (Def.'s Reply 7), because it certainly did not apply in *Neider*. Moreover, in light of the approach taken in *Neider*, the *C&G* court's explanation and application of the presumption becomes clear.

In the passages immediately preceding its discussion of the presumption statute, the court repeatedly explained that the absence of "right-of-way" language in the granting or habendum

---

[3] The use of the phrase "majority rule" tends to simplify the law governing railroad deed construction because even within the same jurisdiction, such as Washington State, there are diverging views on the issue. (Pls.' Br. 23, n.3) Nonetheless, Plaintiffs use the phrase "majority rule" here because it is true that most jurisdictions find expressions of intent of easements when right-of-way or purpose language is in the substantive parts.

clauses, or absence of other purpose language in the deed, robbed the deeds of the intent to convey an easement. By express contrast – the meaning of which has now been made clear by the court in *Neider* – the *C&G* court explained if the phrase had been used in those substantive portions, then intent of easement would have been established:

> *because* the words "right of way" *appear only* on the cover pages of the [railroad] deeds *instead of being found in the granting or habendum clauses*, we hold that the use of the term "right of way" on the cover sheets merely describes generally the strip of property acquired by [the railroad] and does not express a limitation of the title to the estate conveyed.
>
> [Appellant] further argues that *the presence of the term "right of way" in a railroad deed usually indicates that the grantor intended to convey an easement*. He cites a number of cases and other authorities for this proposition, and *we are inclined to agree*. What [appellant] fails to note, however, is that *the majority of these cases do not address the current situation involved here*: *where there is no mention of the term "right of way" in either the granting or habendum clause, nor any other language in the deeds that serves to limit the use of the land for the purpose of a railroad right of way*. *Thus*, *in absence of such language*, the deeds fall squarely within the rule that where a deed unambiguously conveys a parcel of land and where there is no language in the deed limiting the estate conveyed or restricting the purpose of the grant, it will be seen as conveying a fee simple title.

25 P.3d at 80-81 (emphases added; citations omitted). Thus, in the wake of "absence of such language," *id.* at 81, to show intent of an easement, the court applied the fee presumption statute.

Importantly, when applying the statute, the court *expressly* stated that the statute applied *because* of the *lack* of the above-discussed "right-of-way" or purpose language:

> Appellant argues that the fee simple presumption [statute] is not triggered because of the presence of the word "unless" in the statute. He contends that [the grantors] intended to convey 'lesser estates' than a fee simple. *For the reasons discussed above*, however, we disagree with [appellant's] argument."

*Id.* at 81 (emphasis added). Thus, Defendant fails to explain (Def.'s Reply 7) that the *C&G* court disagreed with appellant expressly "*for the reasons*" it had extensively "discussed above": that the requisite "right-of-way" language, as confirmed by *Neider*, was *absent* in the case before it

and therefore the "unless" provision was unsatisfied and the statute *was* triggered. *Id*. at 81.

The approach taken by the Idaho court in *C&G* and *Neider* on this issue is in harmony with the majority rule states, most of which have statutes or common law in place that are materially no different from the fee simple presumption statute discussed in *C&G.* For example, as to each of the three referenced cases (Pls.' Br. 12-13), cited to by the *C&G* court, from Indiana, Illinois, and Maryland, all three states had fee simple presumption statutes in effect at the time the deed was conveyed. *See* IND. CODE § 32-17-1-2 (original version at Ind. Acts 1852, 1 RS, c.23, § 12); 765 ILL. COMP. STAT. 5/13 (original version at ILL. REV. STAT. 1845, § 13); *Chevy Chase Land Co. v. U.S.*, 733 A.2d 1055, 1071 (Md. 1999) (partially quoting the Maryland fee simple presumption statute, Md. Code (1904), Art. 21, § 12, and rejecting the presumption there because, "'there [are] limitations or reservations showing, by implication or otherwise, a different intent' than to convey the whole estate of the grantor.").[4]

Accordingly, the Defendant's reliance on the weight of fee simple presumption law is misplaced. The majority of courts find the intent of the parties to frequently satisfy the "unless"

---

[4] Review of the cases cited by Plaintiffs or authority from those same jurisdictions that follow the majority rule also show those states virtually universally had fee simple presumption statutes or common law in effect in the mid- to late-1800's and early 1900's. *E.g.,* TEX. PROP. CODE § 5.001 ("An estate in land that is conveyed or devised is a fee simple unless the estate is limited by express words . . . .This section applies only to a conveyance occurring on or after February 5, 1840"); 765 ILL. COMP. STAT. 5/13; *Anderson & Co. v Hall's Adm'r*, 3 Ky. L. Rptr. 579, 1882 WL 8208, *3 (Ky. 1882) ("Section 7 of article 1 of chapter 63, General Statutes (similar to the Revised Statutes), provides, 'unless a different purpose appears by express words or necessary inference, every estate in land . . . shall be deemed a fee-simple . . .'") (parentheses in the original); *Hanson Industries, Inc. v. County of Spokane*, 58 P.3d 910, 915 (Wash. App. 2002) (observing the statutory fee simple presumption to be inapplicable in the case at hand). Nonetheless, these jurisdictions and others who follow the majority rule apply reasoning similar to that expressed in *C&G* and *Neider* when determining the *intent* of the parties as explained by Plaintiffs. (*See* Pls.' Br. 5-9; 12-13; 15; 17; 19-20; 22-23.)

clause typically available under the presumption laws, as did the Idaho Court.

**B. The "critical differences" argued for by Defendant do not exist**.

Defendant also argues that there are "critical differences" (Def.'s Reply 4) between the majority rule and Idaho law because, Defendant contends, majority rule is motivated by a "strips and gores" doctrine to divine or trump intent in the parties and that these jurisdictions, unlike Idaho, ignore the "dual meaning" of the term "right of way." (*See* Def.'s Reply 4-6.)

In assessing this argument, it is important to consider precisely what *Neider* and *C&G* did and did not hold. As affirmed by the *Neider* decision, the *C&G* court considered the phrase "right of way" to carry a dispositive significance of *intent* if it appeared in either the granting or habendum clause, 65 P.3d at 530, but not if the phrase appeared merely on the cover page:

> Much of the conflict in the case law can be traced to the different meanings of the phrase "right of way." On one hand "right of way" can serve "to qualify or limit the interest granted in a deed to the right to pass over a tract of land (an easement)." On the other, the phrase can describe the parcel of land being conveyed to the railroad for the purpose of constructing its rail line. Used in this manner, "right of way" is merely descriptive as to the use to which the land is being put and does not serve to limit or restrict the estate conveyed. *Accordingly*, *because* the words "right of way" *appear only* on the cover pages of the [railroad] deeds *instead of being found in the granting or habendum clauses*, we hold that the use of the term "right of way" on the cover sheets merely describes generally the strip of property acquired by [the railroad] and does not express a limitation of the title to the estate conveyed.

*C&G*, 25 P.3d at 80. (emphases added; citations omitted). In other words, as it later "recognized" in *Neider*, under Idaho law, "right of way" in the substantive portions conveys an easement, 65 P.3d at 530, and the "dual meaning" of the phrase "right of way" is applied by the Idaho court just as under majority rule. If the phrase appears on the cover sheet, it carries no weight. And as was discussed by the Idaho court, the appellants there were *unable* to cite to any authority from the majority rule that would support a finding that "right of way" on the cover

sheet would indicate an intent to convey an easement. *C&G*, 25 P.3d at 80-81. But if used in the granting or habendum clause, or if there is other language in the deed that serves to limit the use for the purpose of a railroad right of way, the court would "be inclined to agree," *as it later so held* in *Neider*, that the intent of an easement *is* established. *Id.* Thus, the *C&G* discussion of the "dual-purpose" of the phrase "right of way" *supports the opposite conclusion to that argued by Defendant* (Def.'s Reply 6), and does not carry the fatal distinctions maintained by Defendant.[5]

As to the "strips and gores" doctrine, while two, select, decisions may have found the doctrine to play a large role in their reasoning (Def.'s Reply 5), a review of authority from the majority rule establishes the holdings do not derive from the doctrine, but rather the universal approach was first and foremost to look to the *intent* of the parties. As is discussed extensively in *Chevy Chase*, *supra* – also cited to approvingly by *C&G* – which collected treatises and authority to address the issues presented here, it was simply the reality of the time in the late 1800's and early 1900's that the word "easement" was *not* used in the parlance of railroad deeds and "right of way" was used in its stead. 733 A.2d at 1062. That phrase was the term of art used to capture intent; it is unremarkable that the majority of states honored the intent of the parties by attributing to the phrase the weight it was known to deserve, *id*., as has Idaho. 65 P.3d 525.

---

[5] The majority rule cases cited by Plaintiffs (Plts' Br. *passim*), show that those courts, too, were aware of the "dual purpose" of the phrase "right of way," as can be seen either from their express discussion on point or from their unanimous recognition that not all railroad deeds conveyed easements and that some conveyed fee. *E.g., City of Eunice v. Sunland Properties, Inc.*, 597 So.2d 1198, 1201 (La. Ct. App. 1992) ("The term 'right of way' may be used to convey either a servitude of passage or fee title of the land."); *Chevy Chase*, 733 A.2d at 1062; *Illinois Central RR Co. v. Roberts*, 928 S.W.2d at 824 n.2; *cf. Hanson Industries*, 58 P.3d at 915 (Wash. App. 2002).

**C. Contrary to Defendant's representation, *none* of the authority which Plaintiffs submit are consistent with *Neider* and *C&G* adhere to a "presumption that *all* deeds to railroads convey only an easement."**

Defendant paints the "majority view" as having the logically repugnant presumption that "all deeds to railroads convey only an easement. (Def.'s Reply 6.) If true, Defendant would have a stronger argument. But a review of any of these cases or those upon which they rely shows an absence of this radical view. *E.g., Consolidated Rail Corp., Inc. v. Lewellen*, 666 N.E.2d 958, 962 (Ind. App. 1996) (a deed without "language in the conveyance limiting the use of that land is generally construed as conveying a fee"); *Right of Way Oil Co. v. Gladys City Oil, Gas & Mfg. Co.*, 157 S.W. 737, 739 (Tex. 1913) ("land to be used as a right of way may be conveyed in fee; therefore the character of the title conveyed must be determined by the words used and the attending facts and circumstances.") (*cited* by *City of Port Isabel v. Missouri Pacific R. Co.,* 729 S.W.2d 939, 944-45 (Tex. Ct. App. 1987); *McVey v. Unknown Shareholders of Inland Coal and Washing Co.*, 427 N.E.2d 215, 217 (Ill. App. 1981) ("those instances in which the deed to the railroad conveys a definite strip or parcel of land with no language in the deed relating to the use or purpose of the grant or no language limiting the estate conveyed, the deed will be construed to convey a fee simple title."); *Hanson*, 58 P.3d at 913; *cf.* n.5, *supra*.

The Defendant argues that Plaintiffs failed to note that *Hanson* and *Roberts*, *supra*, states a "deed to a railroad conveys an easement 'even in the face of traditional factors signifying a fee.'" (Def.'s Reply 7-8.) Given that Plaintiffs have already established there were numerous "traditional factors signifying a fee," in the *Neider* Bow deed (Pls.' Br. 13-15), the omission was not an oversight to favor Plaintiffs insofar as the statements in those decisions shows additional commonality with Idaho law, not a conflict. (*See generally* Pls.' Br. 1-10, 15.)

**D. The *Neider* rule stems from the teachings "recognized" in *C&G*, not from the County Recorder's office use of a pre-printed form with added, handwritten transcription by the County Clerk.**

Defendant urges this Court to infer that the *Neider* holding hinged entirely on the "handwritten language added to the deed by the grantors" (Def's Reply 9-10), as if to suggest that if the Bow deed text were either all printed or all handwritten the outcome would have been different. First, the *Neider* rule was stated *twice*, and each time referring to the teaching in *C&G* which offered no such distinctions. (Pls.' Br. 15-16.) Second, the original deeds here may have borne the same print/handwritten features as the Bow deed in *Neider*. (*See* Pls.' Br. 15-16.) Third, the Bow deed's handwritten portion was *not* added "by the grantors" (Def's Reply 16), but by the Canyon County Recorder's office to its pre-printed forms. (*See* Declaration of Hales, Pls.' Ex. 5, attached.) For all we know, the originals were handwritten or printed as the transcribed copies of deeds were here. Ignoring the form and heeding only the substance, a plain reading of the Bow deed and the deeds here show that in all likelihood both sets of deeds started off with boilerplate, fill-in-the-blank language to which the parties added pertinent information including the terms of the grant. Thus, the method by which a county clerk transcribed this information – on a pre-printed form or by scratch (*compare* Pls.' Ex. 2, submitted previously, *with* Pls.' Ex. 5) – is immaterial.

## CONCLUSION

For the foregoing reasons and those explained in Plaintiffs' opening Memorandum, this Court should grant their cross motion for partial summary judgment.

Dated: March 3, 2006

Respectfully submitted,
**ACKERSON KAUFFMAN FEX, PC**

/s/ Cecilia Fex
Email: fex@ackersonlaw.com
CECILIA FEX, *pro hac vice* (DC Bar No. 435061)
1250 H Street, N.W., Suite 850
Washington, DC 20005
Telephone: (202) 833-8833
Fax: (202) 833-8831

*Of Counsel:*
Lary C. Walker, ISB No. 1303
WALKER LAW OFFICE
232 East Main Street
PO Box 828
Weiser, ID 83672
Telephone: (208) 414-0390
Fax: (208) 414-0404
Email: walkerlaw_bk@ruralnetwork.net

*Counsel for Plaintiffs' Class*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 3rd Day of March, 2006, I electronically filed Class Representatives' Reply in Support of their Cross Motion for Partial Summary Judgment Regarding the Property Interest Originally Acquired by the Railroad for Categories 5, 6, and 8, through the CM/ECF system, which caused the following parties or counsel to be served with this document by electronic means, as more fully reflected in the Notice of Electronic Filing:

Kristine S. Tardiff, Counsel for Defendant
kristine.tardiff@usdoj.gov

/s/ Cecilia Fex
Email: fex@ackersonlaw.com
Counsel for Plaintiffs' Class

Kristine S. Tardiff
NH Bar No. 10058
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
53 Pleasant Street, 4th Floor
Concord, NH 03301
TEL: (603) 230-2583
FAX: (603) 225-1577
EMAIL: kristine.tardiff@usdoj.gov

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

ROBERT HASH and GERLENE HASH, *et al.*,

Plaintiffs,

v.

UNITED STATES OF AMERICA,

Defendant.

Case No. CV99-324S-MHW

**DEFENDANT'S SUR-REPLY TO PLAINTIFFS' REPLY BRIEF (DOC. 132)**

Plaintiffs have submitted the Declaration of G. Noel Hales, Pl. Ex. 5, as part of their Reply Brief (Doc 132). For the reasons set forth below, the Declaration has no probative value and is irrelevant to this Court's interpretation of Neider v. Shaw, 65 P.3d 525 (Idaho 2003).

First, the Hales Declaration relates to the historic deed recording practices in Canyon County, where the Neider deed was recorded, and asserts that the recorded copy of the Neider deed is not a photocopy, but is instead a transcription of the original deed. However, Hales is the Clerk, Auditor and Recorder for Canyon County, Idaho, and the instant railroad right-of-way is

located in Washington and Adams Counties. Thus, the Declaration does not relate to any facts at issue in this case.

Nor does the Hales Declaration have relevance to this Court's interpretation of Neider, which was the purpose for the Federal Circuit's remand. Hash v. United States, 403 F.3d 1308, 1323 (Fed. Cir. 2005). This is because judicial opinions "must be considered and construed in light of the rule that they are authoritative only on the facts on which they are founded." Bashore v. Adolf, 238 P. 534, 534 (Idaho 1925); see also United States v. Muckleshoot Indian Tribe, 235 F.3d 429, 433 (9th Cir. 2000). Here there is no indication that the information in the declaration was considered by the Neider court. See Neider, 65 P.3d at 526-31; App. Brfs at 2002 WL 32649163, 2002 WL 32649162.

Plaintiffs contend that the Hales Declaration is necessary to respond to Defendant's argument that the handwritten language in the Neider deed was "added to the deed by the grantors." Pls.' Resp. to Def.'s Mot. For Leave at 2 (Doc. 134). However, Defendant's contention that the handwritten language was added by the grantors is supported by the Neider court's findings that the handwritten clause "unambiguously reflects the [grantors'] intent to convey only an easement to the Railroad." Neider, 65 P.3d at 530. The Neider trial court also determined that the intent of the grantors was found in the handwritten reversionary clause. See Neider, 65 P.3d at 530. The question of who actually recorded such language on the printed deed form is irrelevant. The critical fact, to both the Neider trial court and the Idaho Supreme Court, was that this language was added, in handwriting, to an otherwise printed deed in order to reflect the grantors' intent to limit the interest granted to the railroad and to provide for a reversion to the grantors if the allowable uses ceased.

Accordingly, for the foregoing reasons, the Hales Declaration has no probative value and should be disregarded by the Court or stricken from the record.

Dated: March 28, 2006.

Respectfully submitted,

SUE ELLEN WOOLDRIDGE
Assistant Attorney General
Environment & Natural Resources Division

/s/ Kristine S. Tardiff
E-Mail: kristine.tardiff@usdoj.gov
________________________________________
KRISTINE S. TARDIFF (NH Bar No. 10058)
United States Department of Justice
Environment & Natural Resources Division
53 Pleasant Street, 4th Floor
Concord, NH 03301
TEL: (603) 230-2583
FAX: (603) 225-1577

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the ___ day of March, 2006, I electronically filed the foregoing **Defendant's Sur-Reply to Plaintiffs' Reply (Doc. 132)** through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected in the Notice of Electronic Filing:

Cecilia Fex, Attorney for Plaintiffs
fex@ackersonlaw.com

Nels J. Ackerson, Attorney for Plaintiffs
nels@ackersonlaw.com

Lary C. Walker
walkerlaw_bk@ruralnetwork.net

/s/ Kristine S. Tardiff
E-mail: kristine.tardiff@usdoj.gov

Case 1:01-cv-00718-ECH Document 58-14 Filed 06/04/2007 Page 34 of 37

Lary C. Walker, ISB No. 1303
WALKER LAW OFFICE
232 East Main Street
PO Box 828
Weiser, ID 83672
Telephone: (208) 414-0390
Fax: (208) 414-0404
Email: walkerlaw_bk@ruralnetwork.net
and
Cecilia Fex, *pro hac vice* (DC Bar No. 435061)
ACKERSON KAUFFMAN FEX, PC
1250 H Street, N.W., Suite 850
Washington, DC 20005
Telephone: (202) 833-8833
Fax: (202) 833-8831
Email: fex@ackersonlaw.com

Counsel for Plaintiffs' Class

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF IDAHO**

| | | |
|---|---|---|
| ROBERT HASH and GERLENE HASH, *et al.*, Plaintiffs, | ) | Case No. CV99-324S-MHW |
| v. | ) | Honorable Mikel H. Williams |
| UNITED STATES OF AMERICA Defendant. | ) | |

**CLASS REPRESENTATIVES' SUR-SUR-REPLY TO DEFENDANT'S SUR-REPLY (DOC. 140) TO PLAINTIFFS' REPLY BRIEF (DOC. 132)**

The Declaration of G. Noel Hales ("Hales Declaration") establishes that the deed at issue in *Neider v. Shaw*, 65 P.3d 525, 530 (Idaho 2003), was penned and printed by the clerk of the county recorder's office when transcribing from the original deed. Accordingly, the Hales Declaration is relevant here because the statement therein, *combined with* the declaration from

the clerk of Washington County, in which Plaintiffs' deeds were recorded (Pls.' Ex. 2), establishes that Defendant's perceived differences in form between the *Neider* and Plaintiffs' deeds here (Def's Sur-Reply 2) – i.e., a purported difference between "added," "handwritten" portions in the *Neider* deed and comparable portions in Plaintiffs' deeds – are illusory.

Defendant invites this Court to find material differences between the Plaintiffs' deeds and the *Neider* deed because "the *Neider* court found that the grantors' intent to convey only an easement was unambiguously reflected in a handwritten clause added [by the grantors] to the printed deed that expressly limited the purpose of the grant . . ." (Def.'s Reply 9-10). Essentially, Defendant thus argues that not only the substance of the limiting clause but also the form in which it appears are indicative of the grantors' intent and that Plaintiffs' deeds are therefore distinguishable from the *Neider* deed. The Defendant's position on this point, repeated in its Sur-Reply (Def.'s Sur-Reply 2), is wrong for two reasons.

First, the *Neider* decision alone fails to support Defendant's argument. (Pls.' Reply 10.) To be sure, the *Neider* court refers to the clause as "the handwritten clause" when analyzing the effect and meaning of the limiting language but it never goes so far as to state the clause was "added by the grantors." 65 P.3d at 530. Moreover, the court does not suggest, let alone hold, that the fact the clause was handwritten was in and of itself of critical significance. Rather, the court twice states its holding that it is the term "right-of-way" that "this Court has identified as language that creates an easement." *Id.* Accordingly, the substance, not the form, of the limiting clause serves as the grounds for the *Neider* court's conclusion. *Id*.

Second, the Hales declaration establishes that the differences Defendant urges this Court to glean in comparing the "handwritten" portions in the *Neider* deed with the form used in

Plaintiffs' deeds are illusory. Those differences concern not the parties' intent but merely the different practices employed by each county clerk to transcribe the words from the original deeds. (Pls.' Reply 10). As such, the Hale Declaration offers additional support to Plaintiffs' position that the focus must remain on the substance of these deeds.

Critical to the *Neider* decision was the use of "right-of-way" language by the parties to show intent, not whether the language appeared in handwriting or in print. Given that the difference between print and handwriting was solely a function of the clerk's transcription practice in each county, the *Neider* court's emphasis on substance should outweigh Defendant's emphasis on form. Accordingly, the Hale Declaration is relevant here.

Dated: April 4, 2006

Respectfully submitted,

**ACKERSON KAUFFMAN FEX, PC**

/s/ Cecilia Fex
Email: fex@ackersonlaw.com
CECILIA FEX, *pro hac vice* (DC Bar No. 435061)
1250 H Street, N.W., Suite 850
Washington, DC 20005
Telephone: (202) 833-8833
Fax: (202) 833-8831

*Of Counsel*:
Lary C. Walker, ISB No. 1303
WALKER LAW OFFICE
232 East Main Street
PO Box 828
Weiser, ID 83672
Telephone: (208) 414-0390
Fax: (208) 414-0404
Email: walkerlaw_bk@ruralnetwork.net

*Counsel for Plaintiffs' Class*

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that on the 4th day of April, 2006, I electronically Filed Class Representatives' Sur-Sur-Reply to Defendant's Sur-Reply (Doc. 140) to Plaintiffs' Reply Brief (Doc. 132), through the CM/ECF system, which caused the following parties or counsel to be served with this document by electronic means, as more fully reflected in the Notice of Electronic Filing:

Kristine S. Tardiff, Counsel for Defendant
kristine.tardiff@usdoj.gov

/s/ Cecilia Fex
Email: fex@ackersonlaw.com
Counsel for Plaintiffs' Class