IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| RON AND BETTY BLENDU, *et al.*, | ) | |
| Plaintiffs, | ) | No. 01-718 L |
| v. | ) | Judge Emily C. Hewitt |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY BRIEF**
**IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**
**ON THE INTERPRETATION OF THE CATEGORY 6 DEEDS**

Defendant submits this reply brief in response to Plaintiffs' Supplemental Brief (Doc. 66) on the question of whether, as a matter of Idaho state law, the Category 6 deeds at issue in this case conveyed fee simple title to the Railroad. Plaintiffs contend that the decisions of the Supreme Court of Idaho in C&G, Inc. v. Rule, 25 P.3d 76 (Idaho 2001), and Neider v. Shaw, 65 P.3d 525 (Idaho 2003), compel the conclusion that the subject deeds conveyed only an easement because those decisions set out a rule of deed construction under which the use of the term "right of way" anywhere in the substantive parts of a deed to a railroad, including the habendum clause, creates an easement. Pls.' Suppl. Brief at 1. Plaintiffs challenge the district court's decision in Hash v. United States, 454 F. Supp.2d 1066 (D. Idaho 2006) ("Hash III"), holding that the Category 6 deeds in that case conveyed fee title to the Railroad, as contrary to C&G and Neider, and as contrary to the Federal Circuit's mandate in Hash v. United States, 403 F.3d 1308 (Fed. Cir. 2005) ("Hash II").

As set forth below, Plaintiffs cannot challenge the district court's decision in this case

because the Court of Federal Claims does not have jurisdiction to entertain a challenge to that decision. Although Plaintiffs can try to distinguish Hash III, they have not attempted to do so on the facts. In addition, contrary to Plaintiffs' assertions, the interpretation of the Category 6 deeds at issue as conveying fee title to the Railroad is consistent with Idaho state law, as articulated by the Idaho Supreme Court in Neider and C&G. These deeds have all of the attributes of fee simple conveyances and no language indicating that the grantors intended to convey only an easement, either through the retention of a reversionary interest or through other language intended to limit the estate granted. Finally, the district court's decision in Hash III is consistent with the Federal Circuit's decision and instructions on remand. Accordingly, the Court should hold, as the district court did in Hash III, that the Category 6 deeds in this case conveyed fee simple title to the Railroad.

## I. Plaintiffs Cannot Challenge The District Court's Decision in This Court and Plaintiffs Concede That The Cases Cannot Be Distinguished on the Facts

Plaintiffs challenge the district court's decision in Hash III by arguing that the district court "issued a new rule of law" that "is in direct conflict with the Neider and Shaw rulings[.]" Pls.' Suppl. Brief at 2; see also Pls.' Suppl. Brief at 7-19. Plaintiffs also argue that the district court's decision is contrary to the Federal Circuit's ruling in Hash II. See Pls.' Suppl. Brief at 10 (arguing that the district court's conclusions are "at odds with the Federal Circuit's pronouncements"); id. at 14 (asserting that the district court's decision dismissed certain statements and holdings of the Federal Circuit as "false and nonbinding"). Plaintiffs' challenge to the district court's decision on the interpretation of the Category 6 deeds must be rejected because it is well established that "the Court of Federal Claims does not have jurisdiction to review the decisions of district courts . . . relating to proceedings before those courts." Joshua v.

United States, 17 F.3d 378, 380 (Fed. Cir. 1994); see also Matthews v. United States, 72 Fed. Cl. 274, 282 (2006) (finding that the Court of Federal Claims lacks jurisdiction to consider a plaintiff's challenge to a district court decision dismissing his claims in that court); Edelmann v. United States, 76 Fed. Cl. 376, 383 (2007) (finding that the Court of Federal Claims lacked jurisdiction to review a forfeiture ruling issued by the district court and affirmed by the Eighth Circuit). Although Plaintiffs can try to distinguish the decision in Hash III from this case, Plaintiffs have not attempted to distinguish the cases on the facts. To the contrary, Plaintiffs concede that the Category 6 deeds in this case "are materially identical" to the Category 6 deeds that were interpreted by the district court in Hash III as conveying a fee simple interest to the Railroad rather than merely an easement. Pls.' Suppl. Brief at 3 and 7. In addition, as set forth below, Plaintiffs' challenge to the Hash III decision on the law is based on an overly broad reading of the Idaho Supreme Court's decisions and of the district court's decision in Hash III.

## II. The Strict Rule of Deed Construction Advocated By Plaintiffs Is Not Supported by the Idaho Supreme Court's Decisions

Plaintiffs allege that the Supreme Court of Idaho, through its decisions in Neider and C&G, has issued a deed interpretation "rule of law" providing that the use of the term "right of way" or purpose language anywhere in the substantive part of a deed to a railroad, including the habendum clause, creates an easement. Pls.' Suppl. Brief at 1. Otherwise stated, Plaintiffs' position is that the Neider court crafted and applied a "presumption of an easement" rule that applies when "a railway deed uses 'right of way' or other purpose language in its substantive parts." Id.

Plaintiffs' interpretation of Neider and C&G as creating a new "presumption of an easement" rule applicable to railroad deeds extends those decisions well beyond the facts and

holdings of those cases in a manner that is contrary to the Idaho Supreme Court's teachings regarding the interpretation of its decisions. As the state's high court has explained, judicial opinions "must be considered and construed in light of the rule that they are authoritative only on the facts on which they are founded. General expressions must be taken in connection with the case in which those expressions are used." Bashore v. Adolf, 238 P. 534 (Idaho 1925); see also Stark v. McLaughlin, 261 P. 244, 245 (Idaho 1927) ("[e]ach case must be construed with reference to the circumstances of that case and the questions actually under consideration, and limited to those points of law raised by the record, considered by the court, and necessary to the determination of the case."(citations omitted)).

In Neider, the court applied Idaho's long-standing rules with respect to deed construction, which require courts to "seek to give effect to the intent of the parties" by "viewing the conveyance instrument as a whole." Neider, 65 P.3d at 530. These long-standing principles, as well as Idaho's codified fee simple presumption statute, would be effectively negated in the context of railroad deeds by the adoption of Plaintiffs' rule, which would give controlling effect to the mere use of the term "right of way" anywhere in the substantive provisions of the deed, without regard to how that term is used and without regard to the conveyance instrument as a whole.[1] This form over substance approach, which is similar to that advanced by the Hash

[1]Idaho's fee simple presumption statute was codified prior to the execution of the Category 6 deeds at issue in this case. The historical version of the statute is found at 1864 Idaho Sess. Laws § 43 at 528; the current version of the statute is found at I.C. § 55-604. The fact that Idaho has codified a fee simple presumption statute applicable to all conveyances of real property is significant here. Plaintiffs contend here that the Idaho Supreme Court effectively created a "presumption of an easement" rule through its *dicta* in C&G and its decision in Neider. The judicial creation of a legal presumption that runs directly contrary to Idaho's codified fee simple presumption statute, without any discussion of that codified presumption, stretches Neider well beyond its actual holding and any reasonable interpretation of that decision.

plaintiffs and properly rejected by the district court in Hash III, should likewise be rejected in this case.

The conclusion that the Neider court did not adopt the form over substance rule advanced by Plaintiffs, and did not set aside long-standing principles of deed construction in favor of a newly crafted "presumption of an easement" rule that applies to railroad deeds, is supported by the specific facts of Neider and the actual holding of that case. The deed under scrutiny in Neider was a pre-printed warranty deed that included all of the standard language needed to convey a fee simple title.[2] Neider, 65 P.3d at 527, 530. However, based on an examination of the conveyance instrument as a whole, the Neider court held that the grantors' intent to convey only an easement was unambiguously reflected in a handwritten clause added to the printed deed form. Id. at 530 ("the handwritten clause unambiguously reflects the [grantors'] intent to convey only an easement to the Railroad"); id. (the railroad's interest in the land was limited "by the handwritten clause"); id. ("a substantive provision of the conveyance instrument, in handwriting, grants a 'right of way'"). This clause included two elements that were important to the court's interpretation of the deed. First, the clause stated that the grant was made for "right of way, station, and warehouse purposes[.]" 65 P.3d at 527 (quoting relevant language from the deed). Second, the clause further provided for a reverter to the grantors (or their legal heirs) if the Railroad failed to use the land for such purposes. Id.

In arguing that Neider establishes a "presumption of an easement" rule that applies when "a railway deed uses 'right of way' or other purpose language in its substantive parts[,]" Pls.'

---

[2]A copy of the Neider deed is included in the Hash filings as Defendant's Exhibit 5 (Hash, Doc. 122; Blendu, Doc. 58).

Suppl. Brief at 1, Plaintiff focuses solely on the purpose language found in the Neider deed and ignores the related reverter clause that also was present in that deed. From the erroneous premise that the purpose language was the only language relevant to the Neider court's decision, Plaintiffs craft their new rule of law that the presence of the term right of way or other purpose language in the substantive provisions of a railroad deed compels the conclusion that the deed conveyed an easement, regardless of how the purpose language is used, regardless of whether a reversionary clause is present that makes the purpose language restrictive rather than merely descriptive, and regardless of the rest of the language contained within the four corners of the conveyance instrument. As set forth above, these were not the facts or holding of Neider. The holding in Neider – that the deed before it conveyed an easement to the railroad – was premised on the inclusion of a handwritten clause that included purpose language and made that purpose language restrictive rather than merely descriptive of the intended use of the granted land by providing that the land would revert to the grantors (or their legal heirs) if the Railroad failed to use the land for the purposes specified in the deed. Plaintiffs' construction of Neider as adopting such a new "rule of law" that requires courts to apply "the presumption of an easement" because of the mere presence of the term "right of way" or other purposes language in a substantive part of the deed extends Neider beyond the both the facts of that case and the holding of the case. In addition, Plaintiffs' proposed "presumption of an easement" rule runs counter to the general rule of deed construction that was applied in Idaho that requires courts to ascertain the intent of the parties by looking at the conveyance instrument as a whole.

For all of these reasons, Plaintiffs' strained interpretation of Neider as announcing a new presumption of an easement rule to be applied to railroad deeds should be rejected.

III. The District Court Did Not Create a "New Rule of Law" That Conflicts with Idaho Law

Plaintiffs contend that the district court in Hash "issued a new rule of law, finding that 'right-of-way' language appearing in the habendum clause alone does not create an easement." Pls.' Suppl. Brief at 2. The Hash court did not create or apply such a rule. Instead, the district court's interpretation of the Category 6 deeds in Hash III is fully consistent with Idaho law as expressed by the Idaho Supreme Court in both C&G and Neider. The district court examined the Category 6 deed as a whole. The court acknowledged the presence of the term right-of-way in the habendum clause, but declined to find that this term was restrictive or limiting given the absence of the term right-of-way in the granting clause, the lack of any limiting language regarding purpose or reversion in the substantive provisions of the deed, and the fact that the deed conveyed the land in question together with "reversion and reversions." Hash III, 454 F. Supp.2d at 1075-76. This decision does not purport to announce a new rule of law. Instead, the district court's decision in Hash III does precisely what the Federal Circuit instructed the court to do on remand – reconsider its interpretation of the Category 6 deeds in light of the Idaho Supreme Court's decision in Neider.

IV. The District Court's Decision Does Not Conflict With the Federal Circuit's Remand Instructions

Lastly, Plaintiffs assert that the Federal Circuit's decision in Hash II "explained that in hindsight and with the benefit of subsequent clarifying law, the district court had erred" in its 2001 decision interpreting the Category 5, 6 and 8 deeds as conveying fee simple title to the Railroad. Pls.' Suppl. Brief at 9. The Federal Circuit's decision did not go that far. Indeed, if the Federal Circuit had found that the district court had erred, it would have simply reversed the

Court's decision, which is what the plaintiffs had requested.[3] See Hash II, 403 F.3d at 1320 (stating that the plaintiff-appellants were seeking reversal of the district court's deed interpretation based on Neider). Instead, the Federal Circuit acknowledged that the district court's decision was issued prior to the Idaho Supreme Court's decision in Neider (id. at 1320), and noted that the guidance relied upon by the district court from C&G "is now modified by Neider in a way that appears to be highly relevant to the deeds here at issue." Id. at 1321. The Federal Circuit then vacated the portion of the district court's decision interpreting the deeds in Categories 5, 6, 8 and 14-15, and "remanded for redetermination in light of the Idaho decision of Neider v. Shaw." Id. at 1323; see also id. at 1321 (vacating and remanding to the district court "for reconsideration in light of the weight that the Neider court has placed on the use of 'right-of-way' in the substantive grant and there is no explicit conveyance of the underlying land.").

The Federal Circuit's mandate did not dictate a particular result on remand; it only required reconsideration in light of the Supreme Court of Idaho's intervening decision in Neider. As set forth above, this is precisely what the district court did on remand. The district court's reconsideration of the interpretation of the deeds at issue was preceded by comprehensive briefing by the parties (copies of which were filed with this Court in the Joint Appendix filed on June 4, 2007 (Doc. 58)), and by oral argument from the parties. The fact that the district court's decision on remand is adverse to Plaintiffs' position does not mean that the district court did not follow the Federal Circuit's mandate; it only means that the district court did not agree with Plaintiffs' analysis. That disagreement was well founded and Plaintiffs herein offer no

---

[3]By comparison, the Federal Circuit did find that the district court had erred with respect to Category 1 (the 1875 Act lands), and it reversed that determination. Id. at 1323.

compelling reason for this Court to reject the district court's analysis and interpret the Category 6 deeds before it as conveying only an easement to the Railroad.

V. CONCLUSION

For the reasons set forth above, in Defendant's Supplemental Brief (Doc. 67), and in Defendant's motion for summary judgment and supporting briefs from Hash, Defendant respectfully requests that the Court find that each of the Category 6 deeds at issue in this case conveyed fee simple title to the Railroad. In the words of the Idaho Supreme Court, "[t]o construe the deeds any other way would result in an inconsistent reading of the documents as a whole." C&G, 65 P.3d at 80.

Dated: September 10, 2007

Respectfully submitted,

RONALD J. TENPAS
Acting Assistant Attorney General
Environment & Natural Resources Division

s/ Kristine S. Tardiff
KRISTINE S. TARDIFF
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
53 Pleasant Street, 4th Floor
Concord, NH 03301
TEL: (603) 230-2583
FAX: (603) 225-1577
E-MAIL: kristine.tardiff@usdoj.gov

Attorney for Defendant