# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| RON AND BETTY BLENDU, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No. 01-718 L<br><br>**Honorable Emily C. Hewitt** |

# PLAINTIFF-LANDOWNERS' SUPPLEMENTAL REPLY MEMORANDUM IN SUPPORT OF THEIR CROSS-MOTION FOR SUMMARY JUDGMENT AS TO THE NATURE OF INTERESTS CONVEYED IN CATEGORY 6

Cecilia Fex
ACKERSON KAUFFMAN FEX, PC
1250 H Street, N.W.
Suite 850
Washington, DC 20006
Telephone: (202) 833-8833
Facsimile: (202) 833-8831
E-mail: fex@ackersonlaw.com

*Attorney of Record*

Lary C. Walker
WALKER LAW OFFICE
232 East Main Street
PO Box 828
Weiser, ID 83672
Telephone: (208) 414-0390
Facsimile: (208) 414-0404
Email: walker_law@justice.com

*Of Counsel*

**DATED:** September 10, 2007

# TABLE OF CONTENTS


TABLE OF AUTHORITIES . . . . . . . . . . ii

INTRODUCTION . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . 2

I. The rule that use of the term "right of way" in substantive portions of the deed creates an easement is consistent with general rules of construction under Idaho law. . . . . . . . . . . 2

A. The Court's emphasis on substantive portions of a deed, rather than any specific part, upholds the cardinal rule of construction that a court shall read the entire deed as a whole, giving effect to every part of it. . . . . . . . . . . 2

B. The *Neider* ruling is consistent with the state's fee-simple-presumption statute, and under *Neider* the statute is inapplicable under the circumstances here. . . . . . . . . . . 4

II. *Neider* demonstrated that boilerplate deed language does not establish that a fee was intended. . . . . . . . . . . 6

III. Absence of any reversionary language in the Category 6 deeds does not warrant a departure from the rule set out in *C&G* and *Neider*. . . . . . . . . . . 10

CONCLUSION . . . . . . . . . . 12

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

**CASES**

*Banner v. United States*,
238 F.3d 1348 (Fed. Cir. 2001) . . . . . . . . . . 1

*C&G, Inc. v. Rule*,
25 P.3d 76 (Idaho 2001) . . . . . . . . . . *passim*

*Chevy Chase Land Co. v. United States*,
733 A.2d 1055 (Md. 1999) . . . . . . . . . . 6

*Consolidated Rail Corp., Inc. v. Lewellen*,
666 N.E.2d 958 (Ind. Ct. App. 1996) . . . . . . . . . . 6

*Greek Catholic Congregation v. Plummer*,
12 A.2d 435 (Pa. 1940) . . . . . . . . . . 6

*Hanson Indus. v. County of Spokane*,
58 P.3d 910 (Wash. Ct. App. 2002) . . . . . . . . . . 10

*Hash v. United States*,
403 F.3d 1308 (Fed. Cir. 2005) . . . . . . . . . . 1, 11

*Hash v. United States*,
453 F. Supp. 2d 1066 (D. Idaho 2006) . . . . . . . . . . 11

*Illinois Cent. R. R. v. Roberts,*
928 S.W.2d 822 (Ky. Ct. App. 1996) . . . . . . . . . . 9

*Kentucky Real Estate Board v. Smith*,
114 S.W.2d 107 (Ky. Ct. App. 1938) . . . . . . . . . . 3

*Kipp v. Estate of Chips*,
732 A.2d 127 (Vt. 1999) . . . . . . . . . . 2, 3

*McVey v. Unknown Shareholders of Inland Coal & Washing Co.*,
427 N.E.2d 215 (Ill. App. Ct. 1981) . . . . . . . . . . 6

*Neider v. Shaw*,
65 P.3d 525 (Idaho 2003) . . . . . . . . . . *passim*

*Phillips Indus., Inc. v. Firkins*,
827 P.2d 706 (Idaho Ct. App. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

*Quinn v. Pere Marquette Railway Co.,*
239 N.W. 376 (Mich. 1931) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Ross, Inc. v. Legler*,
199 N.E.2d 346 (Ind. 1964) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Sherman v. Petroleum Exploration*,
132 S.W.2d 768 (Ky. Ct. App. 1939) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**STATUTES AND OTHER AUTHORITIES**

Idaho Code § 55-604 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

26A C.J.S. Deeds § 17 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

# INTRODUCTION[1]

The Idaho Supreme Court has ruled that "use of the term right-of-way in the substantive portions of a conveyance instrument creates an easement." *See Neider v. Shaw*, 65 P.3d 525, 530 (Idaho 2003) (citing *C&G, Inc. v. Rule*, 25 P.3d 76 (Idaho 2001)). But throughout its supplemental brief in support of its motion for summary judgment on the interpretation of the Category 6 deeds ("Def.'s Br."), the Government presents little discussion on this straightforward ruling. Instead, in arguing that the Category 6 deeds conveyed fee simple title, the Government bases its position on an incomplete presentation of general rules of construction, certain boilerplate language in the deeds, and select decisions from other courts in conflict with Idaho law. As such, the Government misunderstands Idaho law on railroad deed construction and fails to apprehend the teaching of the Idaho Supreme Court in *Neider*, which the United States Court of Appeals for the Federal Circuit held to be "highly relevant" to the interpretation of the Category 6 deeds here. *See Hash v. United States*, 403 F.3d 1308, 1321 (Fed. Cir. 2005) ("*Hash II*").

[1] Without analysis, the Government contends that under the collateral estoppel doctrine, Landowners are prevented from disputing the nature of the interests conveyed by the Category 6 deeds because the issues have been decided in *Hash v. United States*, No. CV 99-324S-MHW. (Def.'s Br. at 12-13, n.8.) This position is simply wrong. As the Government admits, the doctrine applies when the issues have already been litigated "by the same parties or their privies based on the same cause of action." *See Banner v. United States*, 238 F.3d 1348, 1354 (Fed. Cir. 2001). But Landowners here have never been parties or privy to any parties in *Hash* as the properties at issue here are completely different from those in *Hash*. The Government does not provide any facts to show otherwise. Therefore, the Court should reject the Government's position and decide the issues on the merit.

# ARGUMENT

## I. The rule that use of the term "right of way" in substantive portions of the deed creates an easement is consistent with general rules of construction under Idaho law.

### A. The Court's emphasis on substantive portions of a deed, rather than any specific part, upholds the cardinal rule of construction that a court shall read the entire deed as a whole, giving effect to every part of it.

The Government argues that the habendum clause of a deed is subordinate to the granting clause of the deed and implies that use of the term "right of way" in the former is, therefore, less significant than that in the latter. (Def.'s Br. at 4-7.) In advancing this position, the Government relies on select, technical rules of construction in violation of the rule of law set out by the Idaho Supreme Court in *Neider*, under circumstances such as those here.

Under Idaho law, when construing a conveyance instrument, a court shall give effect to the intent of the parties to the transaction whenever possible. *Neider*, 65 P.3d at 530. The intent of the parties is "determined by viewing the conveyance instrument as a whole," and not merely a particular part of it. *Id.* In so determining, courts should discard technicalities and ascertain the intent from the four corners of the instrument. *See id.*; *Phillips Indus., Inc. v. Firkins*, 827 P.2d 706, 710 (Idaho Ct. App. 1992). On this point, Idaho law is the same as many other states. *See Kipp v. Estate of Chips*, 732 A.2d 127, 129 (Vt. 1999) ("we construe the various clauses of the document, wherever possible, so that the deed has a consistent, or harmonious, meaning"); *Ross, Inc. v. Legler*, 199 N.E.2d 346, 348 (Ind.

1964) ("we should lean to such a construction as reconciles the different parts, and reject a construction which leads to a contradiction"); *Kentucky Real Estate Bd. v. Smith*, 114 S.W.2d 107, 110 (Ky. Ct. App. 1938) ("the old technical rules of the common law, giving preference to certain clauses, parts, or divisions of the writing will not be applied when from a consideration of the whole writing a different conclusion would be reached than the one if those rules were strictly adhered to").

The rationale for this rule of construction is that because "it never could be a man's intent to contradict himself," "every part of a deed ought to take effect, and every word to operate." *Ross*, 199 N.E.2d at 347-48; *see also Neider*, 65 P.3d at 530; *Kipp*, 732 A.2d at129. It is of no "vital importance in what part of a deed the intention is expressed so long as it finds somewhere clear and adequate expression." *Kipp*, 732 A.2d at 129-30; *see also Phillips Indus.,* 827 P.2d at 710. In other words, "the division of a deed into such parts as the premises, the habendum and the tenendum, was pretty much a matter of capitalization and punctuation" and not an expression of the drafter's intent. *Kipp*, 732 A.2d at 129-30.

Applying this cardinal rule of construction to a railroad deed, the Idaho Supreme Court ruled that use of the term "right of way" in *substantive portions* of the deed creates an easement. *See Neider*, 65 P.3d at 530; *C&G*, 25 P.3d at 80. In *C&G*, in reasoning that a fee simple was conveyed, the Court explained that the deeds before it conveyed fee title because the term "right of way" did not appear in the granting clause *or* the habendum clause. 25 P.3d at 80. In so doing, the Court

never indicated that the term appearing in the granting clause alone would be an insufficient expression of the parties' intent to create an easement. To the contrary, by using the word "or," the Idaho Supreme Court attributed equal weight to the significance of the term appearing *either* in the habendum clause *or* the granting clause. *See id.*

To the extent, however, that any question existed concerning the Court's attributing equal weight to both the granting clause and the habendum clause when gleaning intent by viewing the conveyance instrument as a whole, the matter was resolved in *Neider*. There, the Court once again interpreted the term "right of way" in a railway deed, in which, as here, the term "right of way" did not appear in the granting clause. *Neider*, 65 P.3d at 530. The Court unequivocally expressed the rule without any caveat: use of the term right of way in *substantive portions* of the deed creates an easement. *See id.* Thus, the term appearing in the "substantive portions" of the deed drives the analysis of a railroad deed under Idaho law and, as the Court has identified, serves as the language to create an easement. *See id*. In short, a court should obtain the intent from the instrument *as a whole*, giving effect to every part of it, and in Idaho, "every part" includes the habendum clause. *See id.*

## B. The *Neider* ruling is consistent with the state's fee-simple-presumption statute, and under *Neider* the statute is inapplicable under the circumstances here.

The Government urges this Court to find that the Category 6 deeds conveyed fee simple interests because at the time those deeds were made, the State of Idaho

had a fee-simple-presumption statute in place. (Def.'s Br. at 8.) This contention is misplaced because the statute does not bear on the nature of the interest conveyed if a lesser estate was intended, as apparent from the grant. *See Neider*, 65 P.3d at 530; (*see also Hash* Plaintiffs' discussion on point at Joint Appendix ("JA") filed on June 4, 2007 (Doc. 58), JA Ex. H at 4-6; JA Ex. D at 7-8).

Under the fee-simple-presumption statute, "[a] fee simple title is presumed to be intended to pass by a grant of real property unless it appears from the grant that a lesser estate was intended." Idaho Code § 55-604. The "unless" language serves to create an exception or condition to the application of the statute. If the condition is met, the statutory presumption is not triggered and the party has no hurdle to overcome. Thus, the statute means that a fee simple is *not* presumed when it appears from the grant that a lesser estate was intended.

The *C&G* and *Neider* cases present good examples for understanding the statute. In *Neider*, the Court did not apply the statute after readily concluding that the deed there conveyed merely an easement. *See Neider*, 65 P.3d at 530. With this determination, there was no reason or need for the court to *presume* what interest was intended; the instrument itself unambiguously showed that the nature of the interest intended to be conveyed was an easement. *See id.* Consistent with this approach, the court in *C&G* applied the fee-simple-presumption statute because it *first* concluded that no language in the deed established that a lesser interest was conveyed. *See C&G*, 25 P.3d at 80-81.

Thus, where, as in *Neider* and here, the deed language establishes that a lesser estate was intended, the fee-simple-presumption statute does not apply. Some other state courts hold the same view. *See Chevy Chase Land Co. v. United States*, 733 A.2d 1055 (Md. 1999) (court found that railroad deed conveyed easement, rejecting argument that fee-presumption statute operated to show fee was intended); *Consol. Rail Corp., Inc. v. Lewellen*, 666 N.E.2d 958 (Ind. Ct. App. 1996) (as in *Neider*, concluding that easement was conveyed without needing to apply the then-existing fee-simple-presumption statute); *McVey v. Unknown S'holders of Inland Coal & Washing Co.*, 427 N.E.2d 215 (Ill. App. Ct. 1981) (same).

## II. *Neider* demonstrated that boilerplate deed language does not establish that a fee was intended.

The Government relies on the form of the deeds and the presence of certain boilerplate language in the deeds to make its case, none of which are relevant under Idaho law. (Def.'s Br. at 13-18.)

The Government argues that a quitclaim form of a deed, *ipso facto*, conveys fee simple title. (Def.'s Br. at 13.) But, "[q]uit-claim deeds, long known to the law, are used when a party wishes to sell or otherwise convey an interest he may think he has in land but does not wish to warrant his title." *Greek Catholic Congregation v. Plummer*, 12 A.2d 435, 437 (Pa. 1940) (citing 16 Am. Jur. p. 560, sec. 219). Thus, a quitclaim deed is merely an instrument by which a grantor can convey an interest without ensuring his title to the interest. As to the nature of the interest conveyed

by a quitclaim deed, courts still have to examine "the interest or estate. . . described" the deed language. *See* 26A C.J.S. Deeds § 17 (2005) ("A quitclaim deed is one which purports to convey, and is understood to convey, nothing more than the interest or estate in the property described of which the grantor is seized or possessed, if any, at the time, rather than the property itself."). In other words, courts should ascertain the intent of the parties in quitclaim deeds in the same way as they do in warranty deeds, *i.e.*, from the four corners of the instrument, not from the form of the deeds. Thus, contrary to the Government's contention, the form of a deed has no bearing on the nature of the interest conveyed. (*See also Hash* Plaintiffs' discussion on point at JA Ex. D at 20-21.)

The Government also argues that the "together with" clause and the "forever" language show that a fee simple interest was intended in the conveyance. (Def.'s Br. at 14; *see also* JA Ex. D at 13-15.) But these very same clauses were included in the deed in *Neider*, which the Idaho Supreme Court ruled conveyed merely an easement. As the *Hash* plaintiffs explained (*see id.*)*, precisely* as in *Neider*, some Category 6 deeds begin with the standard grant, bargain and sell language. (*Compare Neider* deed, transcribed and attached as Ex. 1 to Ex. E to JA with Exs. 4-5, 8-9, 11-13 to Revised Title Stipulations filed on May 30, 2007 (Doc. 53.)) Precisely as in *Neider,* the Category 6 deeds convey "real estate" to the Railroad, "and to its successors and assigns *forever*." (*Id.*) Precisely as in *Neider*, the Category 6 deeds expressed conveyance of "all estate" and "interest" in a clause which often reads as

follows:

> Together with *all* and singular the tenements, hereditaments and appurtenances thereunto belonging or in any wise appertaining, *and the reversion and reservations*, remainder and remainders, rents, issues and profits thereof, and *all estate, right, title and interest* in and to the said property, as well in law as in equity, of the [grantors].

(*Id.*) (emphasis added).

Given the substantial similarities, the above provisions here should be interpreted in the same way as those expressed in *Neider*. In *Neider*, the court gave no weight to these provisions. 65 P.3d at 530. It completely ignored the "together with" clause, and the "forever" language which appeared three times in the deed, and dismissed the terms "grant," "bargain," and "sell" in one sentence. It simply stated that despite those terms, the phrase "right of way" unambiguously reflected the parties' intent to convey only an easement to the railroad. *Id.* As such, the Court did not give any weight to the above provisions. *Id.*

Many other state courts are of the same view, when holding that use of the term "right of way" shows that the parties intended to convey an easement. For example, as one court which had collected similar authority on point noted,

> Not much significance should be attached to the covenant or to the recitation in the habendum that the estate with all its appurtenances was conveyed forever, for there may be and often is a warranty of title to an easement, and the easement, together with all its incidences or appurtenances, may be granted in perpetuity."

*Sherman v. Petroleum Exploration*, 132 S.W.2d 768, 772 (Ky. Ct. App. 1939) (collecting similar cases and authorities). Similarly, as to the term "forever," this

language is at best inconclusive as to whether the deed conveyed a fee or simply transferred a perpetual easement. *See Illinois Cent. R. R. v. Roberts,* 928 S.W.2d 822, 825 (Ky. Ct. App. 1996).

This statement is best illustrated by the Idaho Supreme Court's different treatment of the term "forever" in *C&G* and in *Neider*. In *Neider*, the Court ruled that given the use of the term "right of way," the deed intended to convey an easement. *See Neider*, 65 P.3d at 530. With this determination, the Court did not discuss the significance, if any, of the term "forever." *See id.* Consistent with this approach, earlier in *C&G*, the Court *first* concluded that the deed did not contain the term "right of way" or any other limiting language. Within this context, the Court went on to state that the term "forever" only *may* indicate that a fee was intended. *C&G*, 76 P.3d at 80; (*see also Hash* Plaintiffs' discussion on point at JA Ex. D 14-15.)

Thus, the aforementioned provisions of and by themselves do not show the nature of the interests conveyed. They may serve as additional evidence on the intent of the parties only when viewed together with the presence or absence of the term "right of way" or other limiting language. *See Neider*, 65 P.3d at 530; *C&G*, 76 P.3d at 80. Here, as in *Neider*, the Category 6 deeds contained express reference to the term "right of way." Thus, this Court should follow the *Neider* Court and give no weight to the boilerplate language relied on by the Government.

## III. Absence of any reversionary language in the Category 6 deeds does not warrant a departure from the rule set out in *C&G* and *Neider*.

The Government argues that the *Neider* case is inapplicable because the deed there contained reversionary language that is absent here. (Def.'s Br. at 15-16.) But the *Neider* Court did not place the dispositive weight on the reversionary clause, as the Government argues for here.

Throughout the *Neider* decision, the Idaho Supreme Court stressed that use of the term "right of way" in substantive portions of the deed unambiguously expressed intent to create an easement. *Neider*, 65 P.3d at 530. As to the reversionary clause, the Court merely summarized it in one sentence without engaging in details or discussing any significance, thereby demonstrating that it considered the clause to be additional evidence indicative of an easement. *Id.* Thus, the Idaho Supreme Court placed the controlling weight on the use of the term "right of way"—not the reversionary language as the Government claims.

This approach makes sense where an easement expires *automatically* without the need for a reverter clause. *See Hanson Indus. v. County of Spokane*, 58 P.3d 910, 916-17 (Wash. Ct. App. 2002) (holding a reverter clause is unnecessary because a "railroad right-of-way [easement] expires automatically upon abandonment").

But the Government fails to present the *Neider* case in this light. Rather, it argues that without reversionary language, reference to the term "right of way" is insufficient to create an easement. In support of its position, the Government relies not on *Neider* but on a Michigan case and on two district court decisions in *Hash v.*

*United States*. (Def.'s Br. at 11, 15-16.) None of those cases is availing.

First, the initial memorandum opinion by the trial court in *Hash*, as quoted by the Government (Def.'s Br. at 11), should carry no weight because the Federal Circuit has vacated that ruling. *See Hash II*, 403 F.3d at 1321.

Second, as Landowners explained in their supplemental memorandum brief (Doc. 66), the ruling in *Hash v. United States*, 454 F. Supp. 2d 1066 (D. Idaho 2006) ("*Hash III*") does not comply with the letter and spirit of the Idaho law: the *Hash III* court ignored the Federal Circuit's interpretation of Idaho law, relied on a selective reading from other states' decisional law, and issued rulings in conflict with those of the Idaho Supreme Court. (*See* Doc. 66 at 9-17.)

Third, the Michigan case, *Quinn v. Pere Marquette Ry. Co.,* 239 N.W. 376, 379 (Mich. 1931), fails to support the Government's position because its analysis is inconsistent with the rulings of the Idaho Supreme Court, in that *Quinn* adheres to a technical construction eschewed by the Idaho Court. It is undisputed that there is conflict between courts in construing railroad deeds. *See C&G*, 25 P.3d at 80. For that reason, adhering to the ruling and principles embraced by the Idaho Supreme Court in *Neider* and *C&G* is essential. As discussed above, at no point in *Neider* did the Idaho Supreme Court indicate that absent reversionary language, use of the term "right of way" fails to create an easement. *See Neider*, 65 P.3d at 530. To the contrary, the Idaho Supreme Court identified the term "right of way" to be the language creating an easement. Overlooking this straightforward rule under Idaho

law and applying select reasoning from other courts, as the Government does here, would be inappropriate.

## CONCLUSION

The *Neider* decision controls. Nothing in the present deeds warrants a departure from the *Neider* Court's holding that use of the term "right of way" in substantive portions of a conveyance instrument creates an easement. As discussed above, all of the Category 6 deeds contain the requisite phrase in their substantive portions. Thus, this Court should reject the Government's motion and grant Landowners summary judgment regarding the nature of the interest conveyed by the Category 6 deeds.

Dated: September 10, 2007

Respectfully submitted,

/s/ Cecilia Fex
Cecilia Fex
ACKERSON KAUFFMAN FEX, PC
1250 H Street, N.W.
Suite 850
Washington, DC 20006
Telephone: (202) 833-8833
Facsimile: (202) 833-8831
E-mail: fex@ackersonlaw.com

*Attorney of Record*

LARY C. WALKER
WALKER LAW OFFICE
232 East Main
Post Office Box 828
Weiser, ID 83672
Telephone: (208) 414-0390
Facsimile: (208) 414-0404
Email: walker_law@justice.com

*Of Counsel*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 10th day of September, 2007, Plaintiff-Landowners' Supplemental Reply Memorandum in Support of Their Cross-Motion for Summary Judgment as to the Nature of Interests Conveyed in Category 6, was electronically filed through the CM/ECF system, which caused the following parties or counsel to be served with each of these documents by electronic means, as more fully reflected in the Notice of Electronic Filing:

Kristine S. Tardiff, Counsel for Defendant
kristine.tardiff@usdoj.gov

/s/ Cecilia Fex
CECILIA FEX
ACKERSON KAUFFMAN FEX, PC
1250 H Street, N.W.
Suite 850
Washington, DC 20006
Telephone: (202) 833-8833
Facsimile: (202) 833-8831
E-mail: fex@ackersonlaw.com

*Attorney of Record*