IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| RON AND BETTY BLENDU, *et al.*,<br><br>Plaintiffs,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No. 01-718 L<br><br>Judge Emily C. Hewitt |

**JOINT STATUS REPORT**

Pursuant to the Court's Order of December 14, 2007 (Doc. 74), the parties file this joint status report to inform the Court of the progress made toward resolving the scope of the easements and liability, and certain other matters. Additionally, there have been developments in the related case, Hash v. United States, No. 99-324 (D. Idaho), on which the parties report herein.

As reported by the parties during the telephone status conference held with the Court on December 14, 2007, the parties in Hash v. United States, had briefed the issue of adverse possession and the liability issues involving some of the easements conveyed by deed to the railroad company. The District Court heard oral argument on the parties' cross-motions on January 22, 2008, and issued its ruling yesterday. On the issue of adverse possession, the District Court ruled that the Railroad acquired a prescriptive easement rather than fee simple title by its continuous use of the right-of-way. With respect to liability, the District Court held that interim trail use and railbanking exceed the scope of the easements granted for railway purposes by the Category 2 and 3 deeds, and included the prescriptive easement parcel in its final ruling of the government's liability for the interim trail use and railbanking. A copy of the District Court's

decision is attached (Attachment 1). As a result of this decision, the parties will now assess whether they can resolve the liability issues in this case involving the Category 6 deeds, and the one segment of right-of-way acquired by adverse possession, without further briefing. The parties propose to report back to the Court on this matter on or before May 8, 2008.

In addition, during the last telephone status conference with the Court, the government notified the Court that in the case of Ellamae Phillips Co. v. United States, No. 04-1544 (Fed. Cl.) (Baskir, J.), the government had filed a motion requesting that the court certify for interlocutory appeal its decision holding the United States liable for the taking of an 1875 Act right-of-way, which had been based on a finding that the Federal Circuit's decision in Hash v. United States, 403 F.3d 1308 (Fed. Cir. 2005), was binding precedent on the issue of liability with respect to the 1875 Act right-of-way in Phillips. The Court of Federal Claims granted that motion on December 21, 2007. See Attachment 2. The government's petition for leave to appeal was granted by the Federal Circuit on February 7, 2008. Phillips, Misc. Docket No. 867, 2008 WL 586408 (Fed. Cir. Feb. 7, 2008) (Attachment 3). Briefing on this matter is scheduled to commence in April 2008.

//

//

//

//

//

//

Dated: March 25, 2008

Respectfully submitted,

RONALD J. TENPAS
Assistant Attorney General
Environment & Natural Resources Division

s/ Cecilia Fex
CECILIA FEX
ACKERSON KAUFFMAN FEX, PC
1250 H Street, N.W., Suite 850
Washington, DC 20006
TEL: (202) 833-8833
FAX: (202) 833-8831
E-MAIL: fex@ackersonlaw.com

Attorney of Record for Plaintiffs

LARY C. WALKER
WALKER LAW OFFICE
232 East Main
Post Office Box 828
Weiser, ID 83672
TEL: (208) 414-0390
FAX: (208) 414-0404
E-MAIL: walker_law@justice.com

Of Counsel for Plaintiffs

s/ Kristine S. Tardiff
KRISTINE S. TARDIFF
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
53 Pleasant Street, 4th Floor
Concord, NH 03301
TEL: (603) 230-2583
FAX: (603) 225-1577
E-MAIL: kristine.tardiff@usdoj.gov

Attorney of Record for Defendant