IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| RON AND BETTY BLENDU, *et al.*,<br><br>Plaintiffs,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No. 01-718 L<br><br>Judge Emily C. Hewitt |

**JOINT STATUS REPORT**

Pursuant to the Court's Order of March 28, 2008 (Doc. 76), the parties file this joint status report to inform the Court of the progress made toward resolving the scope of the easements and liability, and certain other matters.

As reported by the parties in their Joint Status Report of March 25, 2008 (Doc. 75), the Federal Circuit granted the government's petition to appeal the court's decision in Ellamae Phillips Co. v. United States, No. 04-1544 (Fed. Cl.) (Baskir, J.), which held that the decision in Hash v. United States, 403 F.3d 1308 (Fed. Cir. April 5, 2005), was binding precedent on the issue of liability with respect to the 1875 Act right of way. The United States is to file its opening brief on or before June 20, 2008.

Because the Federal Circuit's decision in Phillips may affect the question of liability with respect to the 1875 Act right of way in this case, Defendant respectfully seeks a stay of the claims in this case that involve the 1875 Act right of way, pending the Federal Circuit's decision in Phillips.[1] Defendant notes that it is willing to pursue the possibility of settling the claims in this

[1]Defendant notes that, at the parties' joint request, this case was stayed during the original appeal of the Hash case by the plaintiffs that led to the Federal Circuit's decision of April 5,

case that involve the 1875 Act right of way during the pendency of the requested stay.

Plaintiffs oppose Defendant's request for a limited stay, insofar as at this stage of the proceedings Plaintiffs do not anticipate that there will be any further issues to be resolved by the Court with respect to the 1875 Act parcels. Under these circumstances, and since the parties at this stage do not anticipate the need for litigating damages (see below), Plaintiffs respectfully submit that a formal stay is unnecessary.

The remaining claims in this case involve segments of the subject right of way that were originally conveyed to the Railroad by Category 6 deeds, and a small segment of the right of way that the Railroad acquired by adverse possession. This Court has ruled that the Category 6 deeds at issue in this case conveyed an easement to the Railroad. Opinion of Nov. 30, 2007 (Doc. 73). The parties have not yet briefed the question of liability with respect to these claims, but did inform the Court in their Joint Status Report of March 24, 2008 (Doc. 75), of the district court's ruling in Hash finding the United States liable with respect to claims involving Category 2 and 3 deeds and segments of the right of way acquired by adverse possession.

Rather than briefing the remaining liability issues with respect to the Category 6 deeds and adverse possession segment at issue in this case, the parties propose to engage in settlement discussions with respect to these claims. To facilitate such discussions, Defendant recently obtained a copy of an appraisal of the subject right of way that was prepared by Arthur Anderson LLP on behalf of Union Pacific Railroad ("UP") as of April 9, 1997. A copy of this appraisal has

2005. See, e.g., Order of May 16, 2005 (granting the parties' motion to continue stay until the appeal in Hash is concluded). A stay pending the outcome of the interlocutory appeal in Phillips would apply to the claim of Robert and Cynthia Jepsen, the claim of Evelyn Snider, and a portion of the claim of Ron and Betty Blendu.

been shared with the Plaintiffs. Based on their initial review of the UP appraisal, the parties believe that the valuation information contained in the report will be useful in the context of settlement discussions. Accordingly, the parties propose an initial 60-day period to pursue settlement discussions with respect to the claims involving the Category 6 deeds and the adverse possession segment.

The parties further propose to file a joint status report by July 11, 2008, to inform the Court as to the current status of the Phillips appeal and as to the progress of their settlement discussions.

Respectfully submitted this 8th day of May, 2008,

ACKERSON KAUFFMAN FEX, PC

s/ Cecilia Fex
CECILIA FEX
1250 H Street, N.W., Suite 850
Washington, DC 20006
TEL: (202) 833-8833
FAX: (202) 833-8831
E-MAIL: fex@ackersonlaw.com

Attorney of Record for Plaintiffs

LARY C. WALKER
WALKER LAW OFFICE
232 East Main
Post Office Box 828
Weiser, ID 83672
TEL: (208) 414-0390
FAX: (208) 414-0404
E-MAIL: walker_law@justice.com

Of Counsel for Plaintiffs

RONALD J. TENPAS
Assistant Attorney General
Environment & Natural Resources Division

s/ Kristine S. Tardiff
KRISTINE S. TARDIFF
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
53 Pleasant Street, 4th Floor
Concord, NH 03301
TEL: (603) 230-2583
FAX: (603) 225-1577
E-MAIL: kristine.tardiff@usdoj.gov

Attorney of Record for Defendant