**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| RON AND BETTY BLENDU, *et al.*,<br>Plaintiffs,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | No. 01-718 L<br>Judge Emily C. Hewitt |

**JOINT PROPOSED CASE MANAGEMENT PLAN**

Pursuant to the Court's Status Conference Order of May 21, 2008 (Doc. 79), Plaintiffs Blendu, *et al.*, and Defendant United States, hereby submit this joint proposed case management plan ("CMP") for resolving all remaining issues in this case, including the question of just compensation, with respect to the six remaining Plaintiffs, who have Category 1, 6, and 10 ownership interests in this case:

| STEP NO. | ACTION | COMPLETION DATE |
|---|---|---|
| 1 | Defendant will obtain copy of appraisal prepared for Union Pacific Railroad ("UP Appraisal") and provide the appraisal to Plaintiffs. | Completed |
| 2 | The parties will exchange copies of the relevant Interstate Commerce Commission (ICC) Land Schedules and Valuation Maps ("Val Maps"). | June 13, 2008 |

| | | |
|---|---|---|
| **3** | The parties will complete their review of the UP Appraisal and reach an initial agreement as to whether that appraisal can be used for the purposes of negotiating a settlement regarding just compensation in this case. If the parties agree to a process wherein they use the UP Appraisal, they will proceed to Step 4. If either party objects to the use of the UP Appraisal, the parties will file a joint status report with the Court and will propose modifications to this CMP.<br><br>The parties note that any agreed upon recommended values based on the UP Appraisal will remain subject to the review and approval by the Plaintiffs, the Department of Justice, and Surface Transportation Board. Counsel for Defendant does not have ultimate authority to bind the United States to a proposed settlement premised upon the UP Appraisal. | June 13, 2008 |
| **4** | Plaintiffs will provide the parcel identification numbers assigned to their properties by Adams or Washington County, and any corresponding tax maps, surveys, or other maps showing the boundaries of their properties. | June 20, 2008 |
| **5** | Using the Court's prior rulings regarding title and liability, as well as the parties' stipulations, and the information exchanged in Steps 1, 2 and 4, the parties will identify those segments of the right-of-way for which liability has been determined in this case. The parties will also determine the land area of the right-of-way, the per acre land value for each liability segment based on the UP Appraisal, and the value of the square acreage segments for the subject parcels (exclusive of any severance damages), based on the UP Appraisal. | July 15, 2008 |
| **6** | Following completion of Step 4, for the next two months, the parties will meet regularly, exchange proposals, and confer with a goal of reaching a proposed settlement regarding just compensation by September 15, 2008. | September 15, 2008 |
| **7** | On or before September 17, 2008, the parties will file a Joint Status Report with the Court regarding the status of their settlement discussions. If a proposed settlement is reached by this date, the parties will proceed to Step 7. If a proposed settlement has not yet been reached, the Joint Status Report will include a proposal for further proceedings that modifies this case management plan. | September 17, 2008 |

| | | |
|---|---|---|
| **8** | If a proposed settlement is reached, Counsel for Defendant will submit to her clients (the Department of Justice and Surface Transportation Board) the terms of the proposed settlement. | September 30, 2008 |
| **9** | The Parties will file a Joint Report of Proposed Damages Due to the Class Members to the Court. | 7 calendar days after Defendant receives approval from the Department of Justice and Surface Transportation Board |

The CMP joint proposed by the parties contains several completion deadlines that fall between the dates on which the parties propose to report back to the Court. To facilitate the process set forth above, the parties further propose that the Court specify in its order regarding this CMP that the parties need not request the Court's permission to extend the time from stated completion dates if the extensions would not significantly impact the overall schedule nor result in changes to the completion dates involving submissions to the Court.

//

//

//

//

//

//

//

Respectfully submitted this 30th day of May 2008,

ACKERSON KAUFFMAN FEX, PC

s/ Cecilia Fex
CECILIA FEX
1250 H Street, N.W., Suite 850
Washington, DC 20006
TEL: (202) 833-8833
FAX: (202) 833-8831
E-MAIL: fex@ackersonlaw.com

Attorney of Record for Plaintiffs

LARY C. WALKER
WALKER LAW OFFICE
232 East Main
Post Office Box 828
Weiser, ID 83672
TEL: (208) 414-0390
FAX: (208) 414-0404
E-MAIL: walker_law@justice.com

Of Counsel for Plaintiffs

RONALD J. TENPAS
Assistant Attorney General
Environment & Natural Resources Division

s/ Kristine S. Tardiff
KRISTINE S. TARDIFF
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
53 Pleasant Street, 4th Floor
Concord, NH 03301
TEL: (603) 230-2583
FAX: (603) 225-1577
E-MAIL: kristine.tardiff@usdoj.gov

Attorney of Record for Defendant