# In the United States Court of Federal Claims

No. 01-718 L

(E-Filed: June 3, 2008)

RON AND BETTY BLENDU, et al.,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

ORDER: CASE MANAGEMENT PLAN

Further to the Joint Proposed Case Management Plan filed by the parties on May 30, 2008, and to the telephonic status conference held on the record on June 3, 2008, the court adopts the following Case Management Plan (CMP) for resolving all remaining issues in this case, including the question of just compensation, with respect to the six remaining plaintiffs, who have Category 1, 6, and 10 ownership[1] interests in certain property at issue in this takings case:

| STEP NO. | ACTION | COMPLETION DATE |
|---|---|---|
| 1 | Defendant will obtain a copy of the appraisal prepared for Union Pacific Railroad (UP Appraisal) and provide the appraisal to plaintiffs. | Completed |
| 2 | The parties will exchange copies of the relevant Interstate Commerce Commission (ICC) Land Schedules and Valuation Maps (Val Maps). | June 13, 2008 |

[1]Categories 1, 6, and 10 refer to ownership interests more particularly described in Hash v. United States, 403 F.3d 1308, 1312-13 (Fed. Cir. 2005); see also Blendu v. United States, 75 Fed. Cl. 543, 545 (2007); Blendu v. United States, 79 Fed. Cl. 500, 502 (2007).

| | | |
|---|---|---|
| **3** | The parties will complete their review of the UP Appraisal and reach an initial agreement as to whether that appraisal can be used for the purpose of negotiating a settlement regarding just compensation in this case. If the parties agree to a process wherein they use the UP Appraisal, they will proceed to Step 4 and, on or before June 18, 2008, file a Joint Status Report (JSR) with the court confirming the progress made. If either party objects to the use of the UP Appraisal, the parties will, on or before June 18, 2008, file a JSR with the court and will propose modifications to this CMP.<br><br>The parties note that any agreed-upon recommended values based on the UP Appraisal will remain subject to the review and approval by the plaintiffs, the Department of Justice, and the Surface Transportation Board. Counsel for defendant does not have ultimate authority to bind the United States to a proposed settlement premised upon the UP Appraisal. | June 13, 2008 |
| **4** | Plaintiffs will provide the parcel identification numbers assigned to each of their properties by Adams or Washington County, and any corresponding tax maps, surveys, or other maps showing the boundaries of each of their properties. | June 20, 2008 |
| **5** | Using the court's prior rulings regarding title and liability, as well as the parties' stipulations, and the information exchanged in Steps 1, 2, and 4, the parties will identify those segments of the right-of-way for which liability has been determined in this case. The parties will also determine the land area of the right-of-way, the per acre land value for each liability segment based on the UP Appraisal, and the value of the acreage segments for the subject parcels (exclusive of any severance damages), based on the UP Appraisal. The parties will file a JSR on or before July 18, 2008 confirming the progress made. | July 15, 2008 |
| **6** | Following completion of Step 5, for the next two months, the parties will meet regularly, exchange proposals, and confer with the goal of reaching a proposed settlement regarding just compensation by September 15, 2008. | September 15, 2008 |

| | | |
|---|---|---|
| **7** | On or before September 17, 2008, the parties will file a JSR with the court regarding the status of their settlement discussions. If a proposed settlement is reached by this date, the parties will proceed to Step 8. If a proposed settlement has not yet been reached, the JSR will include a proposal for further proceedings that modifies this CMP. | September 17, 2008 |
| **8** | If a proposed settlement is reached, counsel for defendant will submit to her clients (the Department of Justice and the Surface Transportation Board) the terms of the proposed settlement and the parties shall file a JSR confirming the settlement. The court will hold periodic telephonic status conferences during the approval process. | September 30, 2008 |
| **9** | The parties will file with the court a Joint Report of Proposed Damages Due to the individual plaintiffs. | 7 calendar days after defendant receives approval from the Department of Justice and the Surface Transportation Board |

To facilitate the foregoing, the parties need not request the court's permission to extend the time from stated completion dates if the extensions would not significantly impact the overall schedule nor result in changes to the completion dates involving submissions to the court.

IT IS SO ORDERED.

s/ Emily C. Hewitt
EMILY C. HEWITT
Judge